■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LENT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered December 10, 1980, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress certain physical evidence. Judgment reversed, on the law, motion to suppress granted, indictment dismissed and this case is remitted to the Supreme Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. On March 25, 1980 an arrest warrant was issued by the Police Court of the City of Albany based on a felony complaint charging defendant with kidnapping in the second degree for the alleged abduction of his illegitimate child. On March 26, 1980, prior to 10:00 A.M., the defendant surrendered himself to the Albany police, was booked on the charge and brought before Judge Keegan of the Police Court of the City of Albany. The original charge was reduced to the misdemeanor of unlawful imprisonment in the second degree, defendant was released on his own recognizance, and the case was adjourned to October 17, 1980 in contemplation of dismissal. Consequently, the warrant of arrest was vacated. Approximately eight hours after the arrest warrant was vacated, the Peekskill police arrested defendant in reliance upon a teletype received the preceding day from the Albany Police Department which related that a warrant for defendant's arrest on the kidnapping charge was active. Upon searching the defendant, as an incident to the arrest, a gravity knife was seized from his person. An arrest made in reliance upon a teletype from a fellow officer or department, which showed as outstanding an arrest warrant which had in fact been vacated approximately eight hours before the arrest, is made without probable cause (see *People v Jennings,* 54 NY2d 518). Therefore, the arrest is invalid and the knife seized as a result of the unlawful arrest should have been suppressed

(*Wong Sun v United States,* 371 US 471). Mangano, J. P., Bracken, Brown and Boyers, JJ., concur.