OPINION OF THE COURT
Gerald Sheindlin, J.
The defendant was charged with criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and moved to suppress a gun recovered from her pocketbook. A Mapp hearing was conducted on January 26, 1990. The issue presented in this case is whether a computer-generated police alarm of a stolen car, which is incorrect because of police failure to cancel the alarm, can establish probable cause to support the arrest and search of the lawful owners of the automobile. This court finds that probable cause cannot be generated under the facts of this case and defendant’s arrest and search were illegal. Hence, defendant’s motion to suppress physical evidence is granted.
FINDINGS OF FACT
On April 27, 1989, Police Officers Dux and Hyatt were on *749 plain-clothes motor patrol in an unmarked vehicle in The Bronx when they received a radio run for assistance in investigating a grand larceny auto. Pursuant to this radio run, the officers proceeded to the vicinity of the Town and Country Motel, in The Bronx. Upon arriving at the scene, Officer Dux met with Police Officer Burke, who was assigned to the Grand Larceny Auto Unit, and whose responsibility it was to check for and investigate stolen cars.* Officer Burke informed Officer Dux that there was a stolen vehicle in the parking lot of the motel, described as a 1986 maroon Buick. Accordingly, Officer Dux remained on a stakeout, observing the car which had been reported stolen.
About 20 minutes after he had begun his stakeout, Officer Dux observed the defendant and a male exit the motel and enter the suspected vehicle. After the defendant entered the driver’s side of the car, she exited the vehicle with keys in her hand, went to the rear of the car, opened up the trunk and placed certain bags inside. Immediately upon observing this activity, Officer Dux approached and ordered the defendant to lie on the ground, where she was handcuffed behind her back. Her protests were disregarded. A search of her handbag, which had fallen to her side, revealed an unlicensed .38 caliber semi-automatic pistol. The pistol was not in open view at the time of the defendant’s arrest.
Unbeknownst to Officer Dux at the time of the defendant’s arrest were certain undisputed facts. The defendant was a resident of Washington, D.C. On April 25, 1989, someone stole the defendant’s car. The defendant immediately reported the incident to Washington, D.C. authorities. She informed them that the person who stole her car was on his way to New York City as he was an acquaintance of her friend. Indeed, when the thief arrived in New York City, he was arrested in the defendant’s car. The car was impounded. The defendant was quickly notified of the apprehension and was informed that she could come to New York to repossess her car.
The defendant promptly traveled to New York City with a friend. She obtained a written release from an Assistant District Attorney in New York County to retrieve her vehicle. Upon arriving at the precinct to obtain her car, the defendant *750 was informed by a police officer that there was some difficulty removing the stolen car alarm and that the alarm was still in the computer. Despite the fact that the alarm was still active, the car was nonetheless returned to the defendant on April 26, 1989. The defendant decided to sleep over in a Bronx motel with her friend, before returning to Washington, D.C. As noted herein, the next morning she was arrested upon leaving the motel and entering her car.
CONCLUSIONS OF LAW
In People v Jennings (54 NY2d 518, 522 [1981]), the Court of Appeals stated that "in making an arrest a police officer may rely upon information communicated to him by another police officer as, for example, that an individual is the subject named in a warrant and should be taken into custody in execution of the warrant. However, if * * * the warrant turns out to be invalid, any evidence seized as a result of the arrest will be suppressed notwithstanding the reasonableness of the arresting officer’s reliance upon the communication” (see also, Whiteley v Warden, 401 US 560, 568 [1971] [evidence suppressed where arrest was based on invalid arrest warrant]; People v Watson, 100 AD2d 452 [1984] [evidence suppressed where arrest was based on a canceled wanted card]; People v Lent, 92 AD2d 941 [1983] [evidence suppressed where arrest was based on a previously vacated warrant]).
Although in this case an invalid stolen vehicle report is at issue, no meaningful distinction can be made between the incorrect alarm and the invalid arrest warrant which was before the Jennings court (supra). The principle underlying the Jennings holding is that an intrusion upon protected Fourth Amendment interests under the purported authority of a report or document does not furnish justification for such police conduct, where the report or document has been shown not to justify the police conduct.
In this case, the stolen car alarm should have been removed from the computer system before the car was returned to the owner. There is absolutely no excuse for that procedure not to have been accomplished. Indeed, the police conduct of releasing a car to a crime victim knowing that the alarm has not been canceled is unacceptable. The police cannot be permitted to consciously disregard a situation which exposes a citizen to detention and arrest upon information known to be incorrect.
Here, the police conduct is especially inexcusable since it *751 could have been cured by one of two reasonable and sensible methods. First, the police should have simply removed the alarm from the system before returning the vehicle to the owner. Secondly, if the alarm could not have been immediately canceled because it was generated from Washington, D.C., the vehicle should not have been returned to the owner until the removal of the alarm was accomplished. The law recognizes that there are circumstances which may cause a delay in returning stolen property to its owner. (See, Penal Law § 450.10.)
Although Officer Dux acted rightfully and in accordance with his police duties when arresting the defendant based on the stolen car alarm, the apprehension and search nonetheless must fall as New York does not recognize the Federal "good faith” exception to searches (People v Bigelow, 66 NY2d 417 [1985]).
In Bigelow (supra), the Court of Appeals expressly rejected the "good faith” exception set forth in United States v Leon (468 US 897 [1984]). The court noted "[I]f the People are permitted to use the seized evidence, the exclusionary rule’s purpose is completely frustrated, a premium is placed on the illegal police action and a positive incentive is provided to others to engage in similar lawless acts in the future”. (People v Bigelow, supra, at 427.) This sentiment is especially meaningful in the case at bar, where the police, through inexcusable neglect, jeopardized the liberty of a crime victim.
CONCLUSION
For the foregoing reasons, this court finds that an arrest made in reliance on an incorrect computer-generated police report which shows that an automobile is stolen, because of police failure to cancel the alarm, is made without probable cause. Therefore, the arrest is invalid and property seized as a result of the unlawful arrest must be suppressed. Accordingly, defendant’s motion to suppress the gun is granted.

 Officer Burke’s police vehicle is equipped with a computer. Upon seeing a suspicious car, he would run the license plate through the computer. The computer would then relay information concerning whether or not the car was reported stolen.