■ DONALD AINSWORTH et al., Respondents, v. UNION FREE SCHOOL DISTRICT No. 2, QUEENSBURY, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered July 21, 1971 in Warren County, which, upon appellant's motion for a protective order, ordered (1) that respondents were entitled to examine Richard Willmen as an agent of appellant, (2) that respondents were entitled to copies of reports in appellant's file made in the regular course of business of appellant when accidents occur, (3) that respondents were entitled to reports made by Willmen as to contacts with respondents with respect to the issues of estoppel and failure to file a notice of claim and (4) that respondents were entitled to any information, statements or representations made by Willmen relative to the processing or conclusion of respon-

dents' claim as pertaining to settlement, payment or possible litigation with respect to said issues. On appeal, appellant states that it will present for oral examination Willmen, an insurance adjuster conceded in the pleadings to be appellant's agent with authority to investigate, negotiate and settle respondents' claim, for questioning as to his declarations or conduct relevant on the issue of estoppel but it objects to disclosure as to the contents of the liability insurance file. The action was instituted to recover for personal injuries and damages allegedly sustained by reason of creating or permitting a hole on appellant's school premises. The complaint alleges conduct by Willmen by virtue of which it is claimed appellant is estopped from denying the filing of a notice of claim pursuant to section 50-e of the General Municipal Law as a prerequisite to bringing suit and the answer sets up the failure to serve such a notice within 90 days as an affirmative defense. The purpose of liability insurance is the defense and settlement of claims and, once an accident has arisen, there is little or nothing that the insurer or its employees do with respect to accident reports except in preparation for eventual litigation or for a settlement which may avoid litigation (*Kandel* v. *Tocher,* 22 A D 2d 513, 515; Practice Commentary by Professor 'Siegel, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3101, pp. 35-36) the file of the insurer, therefore being accorded a conditional immunity under CPLR 3101 (subd. [d]) as material prepared for litigation (*Parker* v. *New York Tel Co.,* 24 A D 2d 1067). As to contacts between respondents and the adjuster, there has been no showing of " unduplicability " since respondents' inability to recollect has not been demonstrated. Neither does the insurer's file qualify as reports or statements made in the ordinary course of business, as distinguished from those involved in the performance of insurer's responsibility under its litigation insurance policy, its purpose being not for considerations such as the prevention of future accidents, the discipline of employees or the increase of the operation's efficiency and economy (cf. *Kandel* v. *Tocher, supra,* pp. 515-516). Order modified, on the law and facts, by deleting the third and fourth decretal paragraphs thereof and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.