■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH WATSON, Appellant.—Judgment, Supreme Court, New York County, rendered February 8, 1973, convicting defendant, upon his guilty plea, of attempted possession of a weapon as a felony, unanimously reversed, on the law, the defendant's motion to suppress granted and the indictment dismissed. Defendant's motion to suppress the gun found in his possession as the result of a "frisk", was denied after a hearing. The sole issue on this appeal is the constitutionality of that "frisk". Study of the record discloses that even apart from any issue of credibility, there was no justification for a frisk. The mere observance of a "sagging" pocket absent other "suspicious" circumstances is not enough. With commendable candor, the District Attorney concedes that there was insufficient justification for a frisk of the defendant and that the gun found as a result of the frisk must, therefore, be suppressed. Concur—Markewich, J. P., Lupiano, Tilzer, Lane and Lynch, JJ.

■ TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, Respondent, v THIRD 44TH CORPORATION et al., Appellants.—Appeal from order, Supreme Court, New York County, entered on October 4, 1974, granting plaintiff's motion for discovery and inspection and, except to a very limited extent, denying defendants' motion for a protective order, unanimously dismissed, without costs and without disbursements, as time barred. A copy of said order with notice of entry thereof was served on defendants on October 8, 1974. No notice of appeal was served until on or about January 8, 1975 (CPLR 5513, subd [a]). Denial of defendants' motion for renewal did not revive the right to appeal so lost. Order, Supreme Court, New York County, entered on December 17, 1974, denying defendants' motion denominated by them as one for renewal and/or reargument, but which was clearly one for renewal, the denial of which is appealable, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs and without disbursements, motion to renew granted and, upon renewal, defendants' motion for a protective order granted, to the extent of modifying plaintiff's notice for discovery and inspection by striking therefrom Item No. 4. That item sought discovery of a report prepared for and furnished to defendants' insurance carrier by an expert commissioned by it. The report was prepared to assist the carrier in adjusting or defending against any claim which might be asserted by plaintiff. On this record such report is not obtainable (CPLR 3101, subd [d]); *Kandel v Tocher,* 22 AD2d 513; *Ainsworth v Union Free School Dist. No. 2, Queensbury,* 38 AD2d 770, 771.) Concur—Markewich, J. P., Murphy, Capozzoli, Lane and Nunez, JJ.