■ The People of the State of New York, Appellant, v Manuel DeJesus, Respondent.—Order, Supreme Court, New York County (Frederic Berman, J.), rendered on September 29, 1989, granting defendant's motion to suppress and dismissing the indictment, unanimously affirmed.

On the evening of January 4, 1989, Police Officer Klavana received a call from another officer that a "passerby" who was still present reported that a man inside of a restaurant at 288 West 42nd Street was in possession of a black automatic handgun. When Officer Klavana arrived, the passerby described the individual as wearing green sweat pants and a blue shirt with a white strip on it. Officer Klavana testified at the suppression hearing that the passerby indicated a belief that the individual described was selling drugs in the restaurant. Based upon this information, Officer Klavana and three other plainclothes policemen entered the restaurant. Officer Klavana testified that he noticed a bulge in defendant's pants, just above the groin area. The bulge had no definitive shape. Upon observing the bulge, one or more of the other officers held the defendant's arms, and Officer Klavana reached into defendant's pants, pulled out a brown paper bag, opened it and removed the drugs.

With respect to the passerby-informant, Officer Klavana stated that the person refused to identify himself, or to approach the restaurant in order to make an on-the-spot

identification. Officer Klavana testified that he ran a license plate check on the vehicle the informant was driving and obtained a name and address. He then looked up the phone number of the person listed at such address and spoke to a woman who informed him that the person to whom the vehicle was registered did not want to get involved.

No other persons testified at the hearing.

Generally, information provided by a citizen accusing another individual of a crime is legally sufficient to provide police with probable cause to arrest. *(People v Bero,* 139 AD2d 581.) Even in instances where the informant is unidentified where the police have had a face-to-face confrontation with the informant, and have had an opportunity to evaluate his or her reliability, such information, while not rising to the level of probable cause, may provide the reasonable suspicion necessary for a stop and frisk. *(See, e.g., People v Castro,* 115 AD2d 433, *affd* 68 NY2d 850.)

Here, the officers, at best, might justifiably have frisked defendant for weapons. Instead, upon approaching defendant with guns drawn, the officers forcibly restrained defendant and conducted a full-blown search of his person *(People v De Bour,* 40 NY2d 210).

Inasmuch as the search went beyond the level of intrusion acceptable under the circumstances, the contraband was properly suppressed and the indictment dismissed. *(People v Taveras,* 155 AD2d 131.) Concur—Sullivan, J. P., Rosenberger, Ellerin, Ross and Smith, JJ.