■ The People of the State of New York, Respondent, v

GILBERTO IRIZARRY, Appellant.—Judgment, Supreme Court, Bronx County (William T. Martin, J., at hearing and plea; Phylis Bamberger, J., at sentence), rendered November 9, 1989, which convicted defendant, upon his plea of guilty of attempted criminal possession of a weapon in the third degree, and sentenced him, as a predicate felon, to a term of imprisonment of from two to four years, is unanimously affirmed.

Responding to a radio run of shots fired, police officers were approached by an unidentified man, who described a "crazy" man wearing a three-quarter length black leather coat with a fur collar and black pants as one who had been fighting and firing his gun; he also described the man's female companion as wearing a striped jacket. The officers approached a couple matching this description about one-half block away. As the suspect was told to stop and turned around, one of the officers, fearing he had a gun, grabbed his hands, and after observing a bulge in his jacket pocket, put him against a wall and frisked him, recovering a hand gun.

We agree with the hearing court that the officers' actions were reasonable. The detailed descriptions provided by an informant who encountered the officers face-to-face provided the reasonable suspicion necessary for a stop and frisk (People v Green, 35 NY2d 193; People v DeJesus, 169 AD2d 521, 522; People v Bruce, 78 AD2d 169), and, since the officers were searching for a man believed to be acting "crazy" and armed, their assessment of the need to grab his hands, put him against a wall, and frisk him was properly given considerable weight (People v Castro, 115 AD2d 433, 435, affd 68 NY2d 850). Concur—Sullivan, J. P., Wallach, Smith and Rubin, JJ.