■ The People of the State of New York, Respondent, v Marco Martinez, Appellant.—Judgment, Supreme Court, New York County (Robert M. Haft, J.), rendered July 13, 1989, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth degree, and sentencing him, as a predicate felony offender, to a term of imprisonment of 2 to 4 years, unanimously affirmed.

Police officers were approached after exiting a #1 train at Times Square by a man who quickly pointed at two men on the platform and stated that the two had just robbed someone at 86th Street. One of the officers walked toward the two men and said something like "Hey, you, stop", at which point the two men started to run up the station stairs. As the officer pursued them, he saw defendant drop a knife and wallet from his waist onto the stairway. The officer picked up the wallet and continued to chase defendant, who was apprehended about a block away. The officers looked inside the wallet and ascertained that its owner was a female from the name on a credit card. At headquarters, the officers learned that the owner of the wallet had just reported being robbed at 86th and Broadway by a black male accompanied by a hispanic male. The perpetrators had fled into the #1 train station at 86th Street.

Under the analysis in *People v De Bour* (40 NY2d 210, 223), the arresting officer's actions were proper. The citizen-informer's identification of the two men created a founded suspicion that criminal activity was afoot, permitting the officer to approach defendant and his companion to gain explanatory information. When the officer saw defendant flee and drop the knife and wallet containing a credit card which apparently did not belong to defendant, a reasonable suspicion arose that defendant had committed a crime, justifying the officer's chase in order to stop and detain him. Once the wallet was confirmed as stolen, the officer had probable cause to arrest defendant for criminal possession of stolen property.

The evidence concerning the uncharged crime of robbery

was properly admitted. The probative value of the complainant's testimony that a hispanic man had fled with the robber at 86th Street outweighed any prejudicial impact it might have had on defendant; that evidence was also " 'inextricably interwoven' " with the events at the Times Square station leading to defendant's arrest *(People v Ely,* 68 NY2d 520, 529; *see, People v Alvino,* 71 NY2d 233, 242).

We have considered defendant's remaining contention and find it to be without merit. Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.