◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RORY THORNE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered November 22, 1990, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Two police officers, in the process of returning to their

station house by car, were "flagged down" by a pedestrian. The pedestrian told the police that, while in a specified nearby eating establishment, he had been threatened by a man with a gun, whom he described by race, clothing, and unusual hair color. The pedestrian, who stated that he did not want to "get involved", also described a companion of the assailant by race and clothing. The officers, leaving the unidentified pedestrian standing on the sidewalk where he promised to remain, proceeded to the eating establishment, where they observed the defendant, who matched the description of the man with the gun, and another male, who matched the description of the assailant's companion. The officers parked their vehicle so as to block the path of the two men and directed them to keep their hands at their sides. One officer "frisked" the defendant's person, including a pocket on his coat that contained what appeared to be a heavy object which thereafter proved to be a gun. The defendant was then formally placed under arrest.

We need not determine whether there was probable cause for an arrest, based on the detailed information spontaneously conveyed by a pedestrian with whom the officers had a face-to-face encounter, and which was congruous with the officer's subsequent observations (see, People v Crosby, 91 AD2d 20, 28). The information provided to the police and their ensuing observations of the defendant at the specified location in the company of a described individual, gave an indicia of reliability to what the "anonymous" pedestrian had related. Thus, the officers' conduct was premised on a "reasonable suspicion" that the defendant had committed a crime involving a weapon (see, CPL 140.50 [1], [3]; People v Chestnut, 51 NY2d 14, cert denied 449 US 1018; People v Brooks, 110 AD2d 571, affd 65 NY2d 1021; People v Tratch, 104 AD2d 503; see also, Terry v Ohio, 392 US 1). That reasonable suspicion justified not only the stop of the defendant, but the frisk. Since the lawful frisk produced a gun providing probable cause for the defendant's arrest, the County Court properly denied suppression of the fruits of the encounter. Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.