■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL RODRIGUEZ, Appellant. [608 NYS2d 853] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Egitto, J.), imposed July 2, 1992.

Ordered that the sentence is affirmed.

We find that the defendant's purported waiver of his right to appeal his sentence was not valid (see, People v DeSimone, 80 NY2d 273, 282-283). We have examined the defendant's contention that the sentence was excessive and find it to be without merit (see, People v Suitte, 90 AD2d 80). Mangano, P. J., Sullivan, Miller, Ritter and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD SATTAN, Appellant. [606 NYS2d 740] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered July 22, 1991, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by him to the police.

Ordered that the judgment is affirmed.

The information supplied to the police officers in a face-to-face meeting with an unidentified informant at the crime scene, together with the officers' subsequent observations, provided the police with a reasonable suspicion that the defendant had committed a crime involving a weapon (see, People v Thorne, 184 AD2d 797; People v DeJesus, 169 AD2d 521; People v Castro, 115 AD2d 433, affd 68 NY2d 850; People v Bero, 139 AD2d 581, 582). The reasonable suspicion justified not only the stop of the defendant but the frisk. "Since the lawful frisk produced a gun providing probable cause for the defendant's arrest" (People v Thorne, supra, at 798), the court properly denied suppression. Mangano, P. J., O'Brien, Pizzuto and Santucci, JJ., concur.