OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The Appellate Division correctly concluded that Supreme Court erred in suppressing the contraband on the basis of the record before it. Although defendant testified during the hearing that he never had his hands on the contraband before the arrest and that the police had planted the contraband on him after returning to his location from the apartment’s living room, defense counsel never explained how these factual claims affected the legality of the officers’ search of the apartment under the Fourth Amendment. At best, defense counsel’s hearing argument was that these facts somehow demonstrated a lack of probable cause for defendant’s post-search arrest.
 

 The Appellate Division was also correct when it held that the trial court should not have decided the ultimate issue in
 
 *834
 
 the case — whether defendant was actually in possession of the contraband. The issue before the court in the
 
 Mapp
 
 hearing was limited to whether the evidence was obtained in violation of defendant’s constitutional rights, not whether the contraband found in the apartment belonged to someone other than defendant.
 

 Finally, with respect to whether the police’s entry into defendant’s apartment was proper, the only relevant issue raised by defendant at the suppression hearing, the record supports the Appellate Division’s conclusion that the detectives properly entered defendant’s apartment in pursuit of a suspect in a shooting, who was known to them by sight
 
 (see, People v Burr,
 
 70 NY2d 354, 360-361,
 
 cert denied
 
 485 US 989). The additional finding made by the Appellate Division — that the police were justified in conducting a security sweep of the apartment
 
 (see, Maryland v Buie,
 
 494 US 325) — is beyond our power to review, since the question was neither raised at the hearing by defense counsel nor decided by the hearing court upon appropriate protest
 
 (see,
 
 CPL 470.05 [2]).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.