■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KOFFIE AGYMAN, Appellant. [613 NYS2d 27] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patterson, J.), rendered June 29, 1993, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The information supplied to police officers in a face-to-face meeting with an unidentified informant, together with a police

officer's observation of what appeared to be a bulge in the defendant's waistband, provided the police officers with a reasonable suspicion that the defendant had committed a crime involving a weapon *(see, People v Arthurs,* 24 NY2d 688; *People v Irizarry,* 177 AD2d 457; *People v Sattan,* 200 AD2d 640; *People v Price,* 194 AD2d 634; *People v Thorne,* 184 AD2d 797; *People v DeJesus,* 169 AD2d 521; *People v Castro,* 115 AD2d 433, *affd* 68 NY2d 850). The reasonable suspicion justified not only the stop but the frisk *(see, People v Sattan, supra).* "Since the lawful frisk produced a gun providing probable cause for the defendant's arrest" *(People v Thorne, supra,* at 798), the court properly denied suppression. Furthermore, by pleading guilty, the defendant effectively waived appellate review of any alleged *Rosario* violations *(see, People v Sebastian,* 197 AD2d 647; *People v West,* 184 AD2d 743). Mangano, P. J., Thompson, O'Brien and Florio, JJ., concur.