(November 29, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUSHON FOSTER, Also Known as IVIEN JONES, Appellant. [619 NYS2d 22] —Judgment, Supreme Court, New York County (Robert Haft, J., on motion to suppress physical evidence; Jerome Marks, J., at hearing to suppress identification testimony; Edward McLaughlin, J., at trial and sentence and hearing to suppress physical evidence), rendered June 6, 1990, convicting the defendant, after a jury trial, of burglary in the second degree and two counts of robbery in the second degree and sentencing him, as a second felony offender to, concurrent terms of 5 to 10 years in prison, affirmed.

By order of this Court entered October 14, 1993 [197 AD2d 411], this appeal was originally held in abeyance and the matter remanded to the trial court for a hearing on defendant's motion to suppress physical evidence. The hearing mandated by this Court's order was held on January 3, 1994.

At the hearing only Officer Michael Davin testified. The witness stated that at approximately 11:45 A.M., while he was seated in uniform in a marked patrol car, a uniformed United Parcel Service (UPS) driver approached him and pointed out three males who were walking about 20 feet from the officer on East Thirty-Third Street. The UPS driver stated to the officer that the three had "just robbed someone". All three of the individuals were wearing leather jackets, which appeared to the officer to be brand new. Defendant was wearing a black jacket, another wore a brown jacket with the price tags still on it and the third wore a red jacket.

The officer testified that he followed the three individuals and that at a point in time shortly thereafter they turned and saw him. According to the officer upon seeing him the individual wearing the brown leather jacket ran across Thirty-Third Street and discarded the jacket. The officer attempted to apprehend the fleeing suspect but lost him. Meanwhile, defendant and the other individual walked into the nearby Empire State Building.

Officer Davin returned to the area near the Empire State Building and, while he was describing what had just tran-

spired to another officer, the defendant and the other suspect emerged still wearing the leather jackets. Police Officer Davin immediately seized the two, placed them against the wall, frisked them and handcuffed them. While waiting for additional officers Police Officer Davin heard a transmission reporting the robbery of jackets from a clothing store one block away. The defendant and his companion were transported to the store where they were identified and arrested.

By order entered January 10, 1994 the trial court denied the defendant's motion in its entirety. We find no basis upon which to disturb the hearing court's finding fully crediting the testimony of Police Officer Davin. The officer's testimony supports trial court's conclusion that based upon the information supplied by citizen-informer, and the subsequent observations made by the officer, the seizure of the defendant was proper (People v Benjamin, 51 NY2d 267; People v Martinez, 180 AD2d 403, lv denied 79 NY2d 1004). We find also that the manner in which the defendant was restrained was in accordance with the procedure approved in People v Allen (73 NY2d 378, 379-380). We have reviewed the other issues raised by the defendant-appellant on the direct appeal and find them to be meritless. Concur—Wallach, Kupferman and Ross, JJ.

Murphy, P. J., dissents in a memorandum as follows: I would reverse and grant the suppression motion.

Appellant was arrested as he walked out of the Empire State Building with a companion. Police Officer Davin testified that he grabbed appellant and his companion, put them against the wall, frisked and handcuffed them.

The information known by Officer Davin at the time of the arrest did not constitute probable cause and is therefore insufficient to justify this arrest (see, People v Batista, 68 AD2d 515, affd 51 NY2d 996). Shortly before noon on a weekday, Officer Davin had been told by an anonymous uniformed United Parcel Service (UPS) man that three men, pointed out by the citizen-informant, "had just robbed someone." Officer Davin made no further inquiry either of the UPS man or appellant before effecting the arrest.

Officer Davin followed the three men, each of whom was wearing a different color leather coat. He testified that he saw store tags hanging from the leather jacket of one of the three men. The man with the store tags ran when he saw the officer, and threw away the leather coat. Officer Davin chased him but lost him. The other two entered the Empire State Building. Officer Davin arrested them as they left the Empire

State Building. After the arrest, a citizen brought the leather jacket that had been discarded to the officer. Also after the arrest, Officer Davin learned of the theft from the leather goods store.

The information from the anonymous UPS man, without more, gave rise only to a founded suspicion that criminal activity was afoot (see, *People v Martinez,* 180 AD2d 403, *lv denied* 79 NY2d 1004). In *Martinez,* police officers were approached at a subway station after exiting a train and told by an anonymous citizen-informant that two men he pointed out had just robbed someone. One of the officers approached the two men and demanded that they stop. The two men ran up the subway steps pursued by an officer who observed one of the men drop a knife and a wallet. In affirming the conviction, we held that the information supplied by the anonymous citizen-informant, that the two men had just robbed someone, gave rise only to a founded suspicion of criminal activity authorizing the officers only to approach them and gain explanatory information. Only when the officer saw the defendant and his companion flee and drop a wallet and knife did the police knowledge rise to the level of a reasonable suspicion that defendant had committed a crime, justifying the temporary detention of the defendant (see, *People v Francis,* 108 AD2d 322).

On this record, no actions by appellant can support a police response higher than the common law right of inquiry (see, *People v De Bour,* 40 NY2d 210). Officer Davin did not know how the UPS man knew that the men had just robbed somebody. He didn't observe appellant do anything indicative of criminality. That a companion fled and discarded a leather coat with store tags on it when he saw the officer approach does not raise the predicate of knowledge with respect to appellant (see, *People v Martin,* 32 NY2d 123). The level and intrusiveness of the police response far exceeded the predicate that would justify only a common law inquiry (*People v Francis, supra; People v Batista, supra*).