■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK MILES, Appellant. [620 NYS2d 13] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered August 3, 1992, convicting him of criminal possession of a controlled substance in the fifth degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The information supplied by a citizen informant, even an unidentified one, during a face-to-face encounter with a police officer in the immediate vicinity of a crime scene (see, *People v Agyman*, 204 AD2d 731), the closeness of the temporal and spatial description of, and encounter with, the defendant (see, *People v Thorne*, 184 AD2d 797; *People v Pagan*, 173 AD2d 744), the defendant's flight (see, e.g., *People v Leung*, 68 NY2d 734; *People v Price*, 194 AD2d 634), and the police officer's own observations (see, e.g., *People v Sattan*, 200 AD2d 640; *People v Price, supra; People v DeJesus*, 169 AD2d 521) provided the officers with a reasonable suspicion to approach and subsequently pursue the defendant (see generally, *People v Holmes*, 81 NY2d 1056). Since the police entered the apartment as a result of the officer's "hot pursuit" of the fleeing defendant,

who was believed to be in possession of a gun, the seizure of the defendant and the recovery of the narcotics and the weapon was proper *(see, People v Johnson,* 83 NY2d 831; *People v Ortiz,* 190 AD2d 580; *People v Brantley,* 189 AD2d 886).* Rosenblatt, J. P., Lawrence, Joy and Krausman, JJ., concur.