THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JERRY SLEDGE, Respondent. [640 NYS2d 117]

Testimony adduced at the suppression hearing established that at approximately 11:55 A.M. on November 17, 1994, as Police Officers Jose Vega and Joseph Vitello were driving in their marked patrol car on New Utrecht Avenue between 48th and 49th Streets in Brooklyn, they were flagged down by a man on the street. The man pointed across the street at the defendant, telling the officers: "[t]hat black kid over there has a gun. He displayed a gun". As Officer Vega approached the defendant,

he could see that one of his arms was not in the sleeve of his hooded sweatshirt, but was folded inside his sweatshirt against his torso at a 90-degree angle. There appeared to be a cloth or bandage on the hand. Officer Vega pulled up in front of the defendant, got out of his patrol car, drew his gun and told the defendant not to move. He then instructed the defendant to raise his arms slowly. When the defendant complied, his sweatshirt rose with his bandaged arm, revealing the butt of a black handgun that was stuck in his waistband. Officer Vega removed the loaded .380 semiautomatic pistol from the defendant's person and arrested him. When Vega placed the defendant in the patrol car, he asked him his name, to which the defendant responded, *inter alia,* that he had been carrying the gun for protection because he had recently been robbed and beaten.

When a police officer entertains a reasonable suspicion that a person has committed, is committing, or is about to commit a crime, the Criminal Procedure Law authorizes a forcible stop and detention of that person *(see,* CPL 140.50 [1]; *People v Martinez,* 80 NY2d 444, 447; *People v De Bour,* 40 NY2d 210, 223). A reasonable suspicion is the quantum of information sufficient to induce an ordinarily prudent and cautious individual under the circumstances to believe that criminal activity is afoot *(People v Martinez, supra,* at 448). Reasonable suspicion can be supplied by an anonymous informant, whose information, if given in a face-to-face interview with police, is considered to be reliable since an experienced officer can assess the informant's trustworthiness from his appearance and demeanor *(see, e.g., People v DeJesus,* 169 AD2d 521; *People v Castro,* 115 AD2d 433, 435, *affd* 68 NY2d 850). Finally, when an officer is justified because of such information in believing that a suspect is armed, he may frisk him for weapons (CPL 140.50 [3]; *People v Salaman,* 71 NY2d 869; *People v De Bour, supra).* The mere fact that the officer approaches the suspect with his gun drawn does not transform an otherwise lawful stop into an arrest, as a policeman is entitled to exercise caution in order to ensure his personal safety and that of innocent bystanders *(see, e.g., People v Chestnut,* 51 NY2d 14, 23, *cert denied* 449 US 1018; *People v Price,* 194 AD2d 634).

Here, Officer Vega had a reasonable suspicion that the defendant was carrying a gun because of the face-to-face tip from the anonymous man, coupled with his own observation as he approached the defendant, that the defendant was holding one arm inside his sweatshirt, by his midsection, near the waistband where a gun might logically be carried *(see, e.g., People v Agyman,* 204 AD2d 731, 732; *People v Sattan,* 200 AD2d 640;

*People v Price, supra; People v Thorne,* 184 AD2d 797; *see also, People v Tratch,* 104 AD2d 503). As the Court of Appeals has observed, a police officer is duty bound to investigate any credible report of a man with a gun *(see, People v Salaman, supra).* Moreover, the informant indicated that the defendant had displayed his gun on New Utrecht Avenue, which was crowded with midday pedestrians, so that it was incumbent upon the officer to move quickly to disarm the defendant, in the interests of public safety *(People v Cartagena,* 189 AD2d 67; *People v DeJesus, supra; cf., People v Patterson,* 165 AD2d 673).

Officer Vega was therefore authorized to draw his own weapon and detain the defendant until he could ascertain whether or not the defendant was carrying an illegal firearm. By asking the defendant to raise his arms, Officer Vega not only behaved in a manner reasonably related in scope to the information he possessed, but he also conducted the least intrusive search warranted by the circumstances *(see, e.g., People v Cartagena, supra; People v Tratch, supra).* Once the gun was visible at the defendant's waistband, Officer Vega had probable cause to arrest him *(see, People v Sattan, supra; People v Thorne, supra).*

Because the search and the subsequent arrest were proper, both the gun and the defendant's spontaneous statement are admissible at trial *(see, e.g., People v Kadan,* 195 AD2d 174). Miller, J. P., Hart, Friedmann and Florio, JJ., concur.