■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL SPEARMAN, Appellant. [640 NYS2d 532] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered January 12, 1994, convicting defendant, upon his plea of guilty, of attempted murder in the first degree and sentencing him, as a second felony offender, to a term of 15 years to life, unanimously affirmed.

At the time defendant entered his negotiated guilty plea, he voluntarily waived any suppression issues, by indicating, through counsel, that he was withdrawing all his motions (*People v Corso*, 183 AD2d 774; *People v Gary*, 179 AD2d 821, *lv denied* 79 NY2d 947). Were we to review defendant's claims, we would find them to be without merit. The information supplied by citizen informants in a face-to-face encounter with the police that a robbery was being committed, and the observation by police officers seconds later of defendant and his cohort running from a grocery store, provided the officers with reasonable suspicion justifying pursuit (*People v Miles*, 210 AD2d 353). The observations of the police moments later of a man excitedly pointing to a cab, which then drove at a high rate of speed, ran red lights, broadsided cars, and crashed into another car before coming to rest, followed by defendant's exit from the car and subsequent flight therefrom after the police ordered him not to move, provided the police with probable cause to arrest defendant. Defendant then fired his gun at the police two or three times in response, and thereafter there was another shootout and chase. The statements made by defendant to the first officer while in the hospital under police

custody were spontaneously volunteered, and therefore admissible (*People v Rivers*, 56 NY2d 476). Defendant's second statement, in which he detailed the robbery and ensuing chase, was given after the officer received permission from hospital staff, ascertained that defendant was not *in extremis*, and after *Miranda* warnings had been given. Thus, the statement was admissible (*People v Del Rosario*, 210 AD2d 72, *lv denied* 84 NY2d 1030). Moreover, the showups conducted in the hospital were made in close temporal and physical proximity to the robbery, and the circumstances under which they were made were not unduly suggestive (*People v Duuvon*, 77 NY2d 541, 545; *People v Rodriguez*, 64 NY2d 738, 740-741; *People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). Concur—Milonas, J. P., Wallach, Kupferman, Ross and Williams, JJ.