■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD SANDERS, Appellant. [653 NYS2d 129] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered September 27, 1994, convicting him of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Thomas, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

After hearing gunshots, the arresting officer observed the defendant standing alone in the immediate vicinity of where the gunshots were fired. He approached the defendant and noticed a significant bulge in the defendant's waistband. The officer's observation of the defendant standing alone in the immediate vicinity of where the gunshots rang out with a prominent bulge in his waistband provided the officer with the necessary reasonable suspicion that the defendant was involved in criminal activity *(see, People v De Bour,* 40 NY2d 210, 221; *People v McDonald,* 227 AD2d 309; *People v Tucker,* 223 AD2d 424; *People v Blackwell,* 206 AD2d 300, 301; *People v Taveras,* 155 AD2d 131, 137; *People v Watson,* 48 AD2d 815). Therefore, the defendant was not unlawfully detained and the court properly denied the defendant's motion to suppress the physical evidence recovered from him at the scene *(see, People v Benjamin,* 51 NY2d 267, 270; *People v De Bour, supra; People v Taveras, supra; People v Watson, supra).*

Further, the defendant's statement regarding his purchase

of the gun is admissible as a spontaneous statement. There is no reasonable view of the evidence which suggests that the defendant's statement was triggered by police conduct that should reasonably have been anticipated to evoke the incriminating response *(see, Rhode Is. v Innis,* 446 US 291; *People v Thrower,* 175 AD2d 818, 819).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Santucci, Joy and Krausman, JJ., concur.