(September 4, 1997)

■ The People of the State of New York, Respondent, v Manuel Bermudez, Appellant. [661 NYS2d 230] —Judgment, Supreme Court, Bronx County (Joseph Mazur, J.), rendered November 4, 1994, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant's suppression motions were properly denied. The arresting officers observed heightened activity of numerous police officers from an adjacent precinct and overheard radio reports of a shooting including a general description that featured the significant fact of the suspects being coatless on a cold January night. These radio reports were based on information emanating from unidentified civilian informants and from a pursuing officer. The arresting officers further observed defendant and his companion, who matched the description including coatlessness, walking quickly while repeatedly looking back toward the direction of the nearby crime scene. These circumstances provided reasonable suspicion upon which to stop, pat down and detain defendant and his companion for the purpose of identification (*see, People v Acevedo*, 222 AD2d 217; *People v Foster*, 209 AD2d 348, *affd* 85 NY2d 1012; *see also, People v Rosario*, 78 NY2d 583, 587-589, *cert denied* 502 US 1109). When the two gave implausible responses to the officers' questions, this justified further detention, whereupon the pursuing officer immediately arrived and identified defendants as the suspects he had been pursuing. Although the pursuing officer had not observed the suspects commit a crime, the police were now in possession of probable cause to arrest (*see, People v Elwell*, 50 NY2d 231), based upon the information received from the unidentified civilian informants in a face-to-face interview (*see, People v Spearman*, 226 AD2d 180, *lv*

*denied* 88 NY2d 886; *People v Irizarry*, 177 AD2d 457, 458, *lv denied* 79 NY2d 948), strongly corroborated by highly incriminating circumstances, notably that the pursuing officer was aware that the suspects had "sought to evade identification by discarding [their] coat[s] in the cold of winter." (*People v Crosby*, 91 AD2d 20, 27, *lv denied* 59 NY2d 765.)

We have reviewed defendant's remaining claims and find them to be without merit. Concur—Murphy, P. J., Milonas, Tom, Andrias and Colabella, JJ.