■ In the Matter of JAKIYO L., a Person Alleged to be a Juvenile Delinquent, Appellant. [682 NYS2d 399] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Richmond County (McElrath, J.), dated October 29, 1997, which, upon a fact-finding order of the same court, dated October 6, 1997, upon the appellant's admission that he had committed an act which constituted the crime of unlawful possession of a weapon by a person under 16, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title III, for 12 months. The appeal brings up for review the denial, after a combined Mapp / Huntley hearing, of that branch of the appellant's pre-trial motion which was to suppress physical evidence and a statement he made to law enforcement authorities.

Ordered that the order of disposition is affirmed, without costs or disbursements.

At 4:35 P.M. on June 21, 1997, on Elizabeth Street in Staten Island, a gray-haired man in his forties told two uniformed officers on routine patrol that he had just seen two young black males wearing red shirts at the corner of Manor Road and Forest Avenue, and that one of them had displayed a handgun to the other before both walked off in the direction of Clove Road and Forest Avenue. The police did not record the name of the man who reported this information, but, upon hastening to the described area, the officers spotted two young black males—the appellant and his companion—wearing red shirts, and walking north on Elizabeth Street, away from Forest Avenue. The officers ordered them to stop. One officer, with his weapon drawn

but held downward, approached the appellant's companion. The other officer, Sergeant Rosado, who did not unholster his revolver, touched the appellant on the back, and asked him if he had a gun. The appellant turned around and reached for his waistband. Rosado ordered the appellant to remain still, raised the appellant's shirt, and saw the butt of a handgun in the appellant's waistband. As Rosado removed the gun, the appellant "blurted out" that the gun was a "toy" that he had found on the street.

Contrary to the appellant's contention on appeal, "[r]easonable suspicion can be supplied by an anonymous informant, whose information, if given in a face-to-face interview with police, is considered to be reliable since an experienced officer can assess the informant's trustworthiness from his appearance and demeanor" (*People v Sledge,* 225 AD2d 711, 712; *see, Matter of Frankie M.,* 200 AD2d 479; *People v Irizarry,* 177 AD2d 457). Under the circumstances, the officers had reasonable suspicion to stop and frisk the appellant and his companion. Approximately two to four minutes after learning that someone had displayed a gun on the street, the police officers went directly to the reported area and saw two youths who fit the description walking in the direction indicated, and no one else in the vicinity matched the description given by the informant (*see, e.g., People v Samuel,* 247 AD2d 244; *People v Plato,* 247 AD2d 317; *People v Acevedo,* 181 AD2d 596; *People v Alford,* 146 AD2d 635; *People v Castro,* 115 AD2d 433, *affd* 68 NY2d 850). Finally, when the appellant turned around and reached for his waistband, the arresting officer—mindful of his own safety and that of the public—acted appropriately by raising the appellant's shirt in the waistband area, insmuch as it is "common knowledge * * * that a handgun is often carried in the waistband" (*People v Benjamin,* 51 NY2d 267, 271; *see, People v Douglas,* 227 AD2d 130; *People v Cartagena,* 189 AD2d 67, 70-72). The appellant's motion to suppress the physical evidence obtained in this encounter was therefore properly denied.

In addition, the hearing court did not err in concluding, on the basis of the credible testimony, that the appellant's statement was spontaneous and therefore also admissible (*see, People v Rivers,* 56 NY2d 476; *People v Little,* 204 AD2d 351, 352; *Matter of Frankie M., supra,* at 480-482). Rosenblatt, J. P., Miller, Thompson and Joy, JJ., concur.