■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HIKI ALSTON, Appellant. [738 NYS2d 890] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Silverman, J.), rendered June 7, 1999, convicting him of crim-

inal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Martin, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence and his statements to law enforcement authorities.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the issue of whether the memo book of one of the arresting police officers was available, and if not, what efforts were made by the respondent to locate the memo book, and the appeal is held in abeyance in the interim. The Supreme Court shall file its report with all convenient speed.

At the suppression hearing, the People indicated that the memo book of one of the arresting officers had not been located. As a result, the defendant requested an adjournment of the hearing on the basis that all *Rosario* material (*see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) had not been turned over by the People. However, the court denied the request, and the record does not indicate the disposition of the *Rosario* issue. Under these circumstances, the matter must be remitted for a hearing to determine the facts regarding the availability of the memo book (*see, People v Banch,* 80 NY2d 610; *People v Malinsky,* 15 NY2d 86; *People v Cubilla,* 181 AD2d 788; *cf., People v Rashid,* 164 AD2d 951).

In light of this determination, we do not reach the defendant's remaining contentions at this time. Santucci, J.P., Feuerstein, Goldstein and Schmidt, JJ., concur.