■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HIKI ALSTON, Appellant. [808 NYS2d 86]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Silverman, J.), rendered June 7, 1999, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Martin, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence and his statements to law enforcement authorities. By decision and order dated March 11, 2002 [292 AD2d 457], this Court remitted the matter to the Supreme Court, Kings County (Hall, J.), to hear and report on the issue of whether a memo book of one of the

arresting police officers was available, and if not, what efforts were made by the respondent to locate the memo book, and the appeal was held in abeyance in the interim.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, there was reasonable suspicion to stop him. The defendant and a companion, who were the only persons on the street, were spotted in the area where, just moments before, the police officers heard gun shots (*see* CPL 140.50 [1]; *Terry v Ohio,* 392 US 1 [1968]; *People v De Bour,* 40 NY2d 210 [1976]). The defendant's failure to respond to the police officers' question upon being approached, and his actions, consisting of turning and placing his hand on his waistband while engaging in a shoving motion, justified the initial frisk (*see People v Benjamin,* 51 NY2d 267 [1980]; *People v Celaj,* 306 AD2d 71 [2003], *affd* 1 NY3d 588 [2004]; *Matter of Jakiyo L.,* 256 AD2d 466 [1998]; *People v Sanders,* 235 AD2d 507 [1997]; *People v McDonald,* 227 AD2d 309 [1996]). The defendant's subsequent attempt to evade being frisked and his striking of one of the police officers justified the more intrusive search that followed his arrest. Accordingly, the motion to suppress was properly denied.

Following remittitur for a hearing on the facts regarding the availability of a memo book of one of the arresting police officers (*see People v Alston,* 292 AD2d 457 [2002]), we reject the defendant's contention that a sanction should be imposed for the inadvertent loss of the memo book, under the circumstances of this case, where the defendant failed to demonstrate any prejudice owing to the loss (*see People v Banch,* 80 NY2d 610, 616 [1992]; *People v Haupt,* 71 NY2d 929, 931 [1988]). Moreover, the drastic remedy of dismissal of the indictment was not warranted under the circumstances of this case (*see People v Haupt, id.*; *People v Kelly,* 62 NY2d 516, 521 [1984]).

The defendant's remaining contention is without merit. Schmidt, J.P., Santucci, Goldstein and Spolzino, JJ., concur.