THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO HILLARD, Also Known as ANTONIO HILLIARD, Appellant. [917 NYS2d 778]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered August 30, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]) and unlawful possession of marihuana (§ 221.05). Defendant contends that the police lacked the requisite reasonable suspicion to pursue him because the pursuit was improperly based on information from an anonymous source. We reject that contention. It is well settled that " '[a]n identified citizen informant is presumed to be reliable' " (*People v Van Every*, 1 AD3d 977, 978 [2003], *lv denied* 1 NY3d 602 [2004]). In this case, the 911 caller who reported that two males were selling drugs at a specified location gave the police his first name, his telephone number, and the address from which he was calling. "Because the caller identified himself by [his first] name and provided information about his location, the call was not a truly anonymous one, and the police were justified in acting on such information" (*People v Dixon*, 289 AD2d 937, 937-938 [2001], *lv denied* 98 NY2d 637 [2002]; *see Van Every*, 1 AD3d at 978). When defendant fled from a responding officer and the officer observed that defendant matched the description given by the 911 caller, the officer "had reasonable suspicion to pursue defendant, [and] defendant's [ensuing] abandonment . . . of a [jacket] containing drugs was not precipitated by illegal police conduct" (*People v Sierra*, 83 NY2d 928, 930 [1994]). Contrary to the further contention of defendant, the testimony of a police officer concerning the geographic area where he was arrested did not constitute *Molineux* evidence because it did not implicate him in the commission of any crimes, and thus there is no need to determine whether such testimony falls within a *Molineux* exception (*see generally People v Arafet*, 13 NY3d 460, 465 [2009]). Present—Centra, J.P., Lindley, Sconiers, Green and Gorski, JJ.