People v Edwards (2020 NY Slip Op 05672)





People v Edwards


2020 NY Slip Op 05672


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND BANNISTER, JJ.


1243 KA 18-01563

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PAUL EDWARDS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIELLE E. PHILLIPS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Paul Wojtaszek, J.), rendered November 2, 2017. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]), defendant contends that he was improperly seized by the police based on information from an anonymous source and thus Supreme Court erred in refusing to suppress tangible property and statements obtained following the seizure. We reject that contention. It is well settled that "[a]n identified citizen informant is presumed to be reliable" (People v Hillard, 79 AD3d 1757, 1758 [4th Dept 2010], lv denied 17 NY3d 796 [2011] [internal quotation marks omitted]; see People v Van Every, 1 AD3d 977, 978 [4th Dept 2003], lv denied 1 NY3d 602 [2004]), and " 'information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest' " (People v Brito, 59 AD3d 1000, 1001 [4th Dept 2009], lv denied 12 NY3d 819 [2009]). Furthermore, where an informant is unidentified but the police have face-to-face contact with the informant and an opportunity to evaluate his or her reliability, the information may provide the police with reasonable suspicion to conduct a stop and frisk (see People v DeJesus, 169 AD2d 521, 522 [1st Dept 1991], lv denied 77 NY2d 994 [1991]).
In this case, the testimony of a police officer during the suppression hearing established that a citizen informant walked into a police station at 4:30 a.m. and reported that two men had "ripped him off" during "a drug deal gone wrong." The informant, who identified himself by name to the officer but whose identity was not disclosed to defendant, appeared to be angry and upset and did not seem to be intoxicated. The informant alleged, inter alia, that the two men were in a purple minivan at a specific address on Stevens Street in the City of Buffalo, and that "there were drugs in the vehicle" and one of the men "was holding [a] handgun in his lap." The police officer interviewed the informant for 10 to 15 minutes, during which time the officer had an opportunity to evaluate his reliability on the basis of his appearance and demeanor (see People v Letriz, 103 AD3d 446, 446 [1st Dept 2013], lv denied 21 NY3d 1006 [2013]; People v Bruce, 78 AD2d 169, 173 [1st Dept 1980], lv denied 52 NY2d 1074 [1981]). The informant's reliability was enhanced because he identified himself to the officer and reported that he had attempted to take part in a drug transaction, thus making a declaration against penal interest and subjecting himself to potential prosecution for his own criminal activity (see People v Mendez, 44 AD3d 302, 303 [1st Dept 2007], lv denied 9 NY3d 1036 [2008]). The informant also waited at the police station while officers investigated the allegations, thereby subjecting himself to "the criminal sanctions attendant upon falsely reporting information to the authorities" (People v [*2]Chipp, 75 NY2d 327, 340 [1990], cert denied 498 US 833 [1990]; see generally Penal Law § 240.50 [3]). Thus, we conclude that the People established the reliability of the informant by establishing that the officer obtained information from him during a face-to-face encounter (see People v Habeeb, 177 AD3d 1271, 1272-1273 [4th Dept 2019], lv denied 34 NY3d 1159 [2020]; People v Rios, 11 AD3d 641, 642 [2d Dept 2004], lv denied 4 NY3d 747 [2004]), and that information did not constitute an anonymous tip (see Habeeb, 177 AD3d at 1273; see generally People v McCutcheon, 125 AD2d 603, 603-604 [2d Dept 1986], lv denied 70 NY2d 651 [1987]).
Immediately after the interview with the informant, officers responded to Stevens Street where they observed, at about 4:50 a.m., a purple minivan with two occupants parked across the street from the house number specified by the informant. The officers approached the purple minivan, in which defendant was a passenger, on the basis of the information provided by the citizen informant, and the officers were justified in approaching defendant based on that information (see People v Dixon, 289 AD2d 937, 937-938 [4th Dept 2001], lv denied 98 NY2d 637 [2002]). Upon observing the two male occupants inside the purple minivan, the officers directed the driver and defendant to step out of the minivan. It is well settled that a police officer may, as a precautionary measure and even without particularized suspicion, direct the occupants of a lawfully stopped vehicle to step out of the vehicle (see People v Gates, 152 AD3d 1222, 1223 [4th Dept 2017], affd 31 NY3d 1028 [2018]; People v Garcia, 20 NY3d 317, 321 [2012]). Defendant, however, refused to exit the van as directed. Instead, defendant turned his body away from the officer who was standing outside the passenger door and began to reach his right arm across his body toward his left side, where an officer on the driver's side of the vehicle observed a silver handgun in the left side of defendant's waistband. Upon seeing the handgun, the officers had probable cause to arrest defendant (see People v Coon, 212 AD2d 1009, 1010 [4th Dept 1995], lv denied 85 NY2d 937 [1995]), and to search the van (see People v Johnson, 159 AD3d 1382, 1382-1383 [4th Dept 2018], lv denied 31 NY3d 1083 [2018]), which led to the discovery of drugs on the floorboard between the driver seat and the passenger seat and inside the glove box.
Finally, inasmuch as the officers' conduct was lawful, the court also properly refused to suppress the oral statements that defendant made to the police after his arrest (see People v Daniels, 147 AD3d 1392, 1393 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]).
All concur except Whalen, P.J., and Bannister, J., who dissent and vote to reverse in accordance with the following memorandum: In our view, Supreme Court erred in refusing to suppress the tangible property and defendant's statements. For that reason, we dissent and vote to reverse the judgment, vacate the plea, grant that part of the omnibus motion seeking to suppress tangible property and statements, dismiss the indictment, and remit the matter to Supreme Court for proceedings pursuant to CPL 470.45.
Initially, where reasonable suspicion of criminal activity is premised on an informant's tip, even an identified informant, that tip "must carry sufficient indicia of reliability to justify the forcible encounter" (People v Moore, 32 NY2d 67, 70 [1973], cert denied 414 US 1011 [1973]). Thus, although even an unknown informant who gives information to the police during a face-to-face interaction has in some circumstances been considered reliable, those cases involved an informant that gave specific, detailed information to the police that the police themselves were able to corroborate with their own observations (see e.g. People v Castro, 115 AD2d 433, 435 [1st Dept 1985], affd 68 NY2d 850 [1986]; People v Sattan, 200 AD2d 640, 640 [2d Dept 1994], lv denied 83 NY2d 876 [1994]; People v Thorne, 184 AD2d 797, 798 [2d Dept 1992], lv denied 80 NY2d 977 [1992]).
Here, although the majority relies on the ability of the police "to evaluate [the] reliability [of the informant]" during face-to-face contact (People v DeJesus, 169 AD2d 521, 522 [1st Dept 1991], lv denied 77 NY2d 994 [1991]), the testimony of the police officer who met the informant reveals that the officer lacked sufficient information to make such an evaluation. The officer believed that the informant appeared agitated, and conceded that he did not know whether the informant was sober. The informant offered the officer no description of the men who purportedly "ripped him off" or how the alleged drug deal had gone wrong, and the officer testified that he never even asked the informant when that incident took place. Instead, the informant offered no more than the description of the outside of a vehicle, i.e., a purple minivan, at a specific address, in which he believed that there were drugs and a handgun. The informant [*3]did not tell the officer whether he had at any time been inside the van, whether he had personally observed the drugs, or even which individual purportedly had the gun (cf. People v Habeeb, 177 AD3d 1271, 1272-1273 [4th Dept 2019], lv denied 34 NY3d 1159 [2020]).
Further, inasmuch as the informant failed to give any description of the individuals who purportedly ripped him off, such as physical attributes or clothing, the police officers lacked any basis to conclude that defendant and the other individual seized by the officers from the van that was discovered near, but not at, the location given by the informant were the same individuals the informant was accusing of possessing drugs and a handgun (cf. People v Bruce, 78 AD2d 169, 172-173 [1st Dept 1980], lv denied 52 NY2d 1074 [1981]). Similarly, because the informant failed to state when he observed the individuals in the van, or indeed whether they were in the van when they ripped him off, there was no basis for the officers to reasonably conclude that the people found in the van were the same individuals (cf. People v Letriz, 103 AD3d 446, 446 [1st Dept 2013], lv denied 21 NY3d 1006 [2013]). Finally, when the officers arrived at the scene, they did not independently observe any indicia of criminal activity, inasmuch as the police found the van parked in a driveway with deflated tires and two men were sleeping inside the vehicle (cf. Sattan, 200 AD2d at 640).
Under these circumstances, we conclude that the People failed to establish the reliability of the informant's tip and thus the police lacked justification to forcibly seize defendant by approaching the parked vehicle and ordering defendant to exit the vehicle (see generally People v Harrison, 57 NY2d 470, 476 [1982]; People v Wright, 158 AD3d 1125, 1126 [4th Dept 2018], lv denied 31 NY3d 1089 [2018]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court