People v Johnson (2023 NY Slip Op 04493)

People v Johnson

2023 NY Slip Op 04493

Decided on September 8, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

660 KA 19-02251

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AARON D. JOHNSON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered October 28, 2019. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress tangible evidence is granted, the indictment is dismissed, and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him upon his guilty plea of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in denying that part of his omnibus motion seeking to suppress tangible evidence, including the firearm that he was charged with possessing. We agree. As the People correctly concede, the police did not have reasonable suspicion to stop or pursue defendant based on information received from an anonymous 911 caller and, thus, the weapon defendant discarded during his flight and the other evidence recovered from defendant upon his arrest must be suppressed.
On the morning in question, two police officers were in separate patrol cars in a parking lot when they received a dispatch regarding a man with a gun. According to the dispatch, someone called 911 and said that a Black man in an orange jacket had threatened him with a silver, chrome handgun near a particular intersection, which was less than a mile from where the officers were stationed. The caller identified himself by a first name but did not provide his last name or any contact information, such as his telephone number or address.
Upon arrival at the intersection, the officers observed three Black males, two of whom were on bicycles. One of the men with a bicycle, later identified as defendant, was wearing an orange jacket. One officer drove alongside the three men and, upon exiting his patrol car, ordered them at gunpoint to show their hands. The other officer also exited his car but did not draw his weapon. After raising his hands for a brief moment, defendant got off his bicycle and ran away, ignoring the officers' repeated requests to stop. Both officers gave chase. During the pursuit, defendant took off his jacket and threw it on the ground. The officers eventually took defendant into custody and recovered, inter alia, a loaded .38 caliber chrome handgun from the jacket he had discarded.
As a preliminary matter, we conclude that the 911 caller, who identified himself only by a first name, was anonymous inasmuch as he provided no other information from which the police could identify or locate him (cf. People v Hillard, 79 AD3d 1757, 1758 [4th Dept 2010], lv denied 17 NY3d 796 [2011]), and he was not present at the scene when the police arrived (cf. People v Edwards, 187 AD3d 1687, 1688 [4th Dept 2020]). Indeed, it is not clear from the [*2]record that the name by which the caller identified himself was the caller's real first name. Under the circumstances, we analyze the propriety of the police conduct under the law applicable to tips from anonymous informants.
As the People acknowledge, the case at hand cannot be meaningfully distinguished from People v Moore (6 NY3d 496 [2006]), where the police received an anonymous tip that a Black male with a gun, who was described as being approximately 18 years of age and wearing a gray jacket and red hat, was involved in a dispute at a particular location. The police arrived at the scene within approximately one minute of receiving the radio dispatch and observed the defendant, a Black male wearing a gray jacket and red hat, with no similar individuals nearby. As the officers exited their vehicle, the defendant started walking away, whereupon the officers "yelled, 'police, don't move' " (id. at 497). The defendant continued to walk away but eventually stopped when the officers demanded that he put his hands in the air. A pat frisk revealed that the defendant had a gun in his jacket pocket. The Court of Appeals ruled that, while "the anonymous tip authorized only an inquiry, the police . . . failed to simply exercise their common-law right to inquire" (id. at 498).
Here, as in Moore, the anonymous tip was simply that of a man with a gun at a particular location. It follows that the officer's gunpoint stop of defendant was unlawful, as was the officers' subsequent pursuit of defendant after he took flight. We note that the motion court's reliance on People v Moss (89 AD3d 1526, 1527 [4th Dept 2011], lv denied 18 NY3d 885 [2012]) is misplaced because, unlike in that case, there is no indication in the record here that the information provided by the anonymous 911 caller was based on his " 'contemporaneous observation' " of unconcealed criminal conduct (id.).
We therefore conclude that the court erred in refusing to suppress the tangible evidence obtained as a result of the unlawful police conduct. As a result, we vacate defendant's guilty plea and, "because our determination results in the suppression of all evidence in support of the crimes charged, the indictment must be dismissed" (People v Lee, 110 AD3d 1482, 1484 [4th Dept 2013] [internal quotation marks omitted]; see People v Suttles, 171 AD3d 1454, 1455 [4th Dept 2019]).
In light of our determination, we need not address defendant's remaining contention.
Entered: September 8, 2023
Ann Dillon Flynn
Clerk of the Court