■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND THOMAS, Appellant. [609 NYS2d 614] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered June 1, 1992, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The arresting officer had "an objective, credible reason, not necessarily indicative of criminality" (People v Hollman, 79 NY2d 181, 184) for approaching defendant, whom he had previously arrested for possession of crack and had subsequently spoken to and seen on numerous occasions. The officer had observed defendant late at night standing on a corner in a drug-prone area with another man. The encounter was brief and non-threatening and involved only one general question. As the officer pulled his marked car up to the sidewalk, got out with his gun holstered and nightstick tethered, walked 2 to 3 feet, and asked, "How are you doing, Ray?", defendant made a calculated choice, " 'the result of thought and reflection' " (People v Boodle, 47 NY2d 398, 404, cert denied 444 US 969), to rid himself of the 63 vials of cocaine inside the orange juice container he was holding. Defendant's act of throwing the container toward a nearby garbage can and pile of garbage evinced his intent to abandon and dispose of it, making it appear that he was merely throwing out what seemed to be an empty container of juice. Once defendant abandoned the container, he lost his right to object to the officer's retrieval and search of it. Upon discovering the 63 vials, the officer was justified in arresting defendant and searching him. The additional 5 vials found on his person were legally seized. Concur—Sullivan, J. P., Asch, Nardelli and Tom, JJ.