*946
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 In the early afternoon of November 15, 1991, two police officers, Adrian Klapper and Donald McCarthy, were in uniform in a marked police van patrolling the vicinity of 185th Street and Wadsworth Avenue, New York County. They observed defendant clutch inside his black corduroy jacket beneath his armpit, place both hands in his pants pockets and walk briskly away from a group of men standing in the "drug-prone” area. The officers followed defendant and, as they approached him with their hands on their bolstered guns and positioned themselves on both sides of him, Officer Klapper yelled, "Hey, stop, excuse me” or "Stop, hey, stop, police,” or words to that effect. When defendant stopped and turned toward Officer Klapper, a kilogram "brick” of cocaine fell from defendant’s armpit onto the ground. The officers arrested defendant and a search of him revealed another kilogram brick of cocaine hidden inside his jacket under his other armpit and $280.
 

 Defendant’s motion to suppress was denied following a hearing and, thereafter, he pleaded guilty to criminal possession of a controlled substance in the second degree. The Appellate Division affirmed, with two Justices dissenting, and a Justice of that Court granted leave to appeal.
 

 We agree with the Appellate Division that the police action in this case constituted nothing more than a permissible request for information based on some objective credible reason
 
 (see, People v Hollman,
 
 79 NY2d 181, 191;
 
 People v De Bour,
 
 40 NY2d 210, 223;
 
 see also, People v Bora,
 
 83 NY2d 531). Defendant was observed in a "drug-prone” area walking away from a group of men and clutching the inside of his jacket beneath his armpit as a marked police van approached.
 

 In addition, the Appellate Division’s determination that defendant’s relinquishment of the first kilogram brick of cocaine was not based upon submission to police authority is a mixed question of law and fact that is supported by the record, and, thus, is not subject to our further review
 
 (see, People v Holmes,
 
 81 NY2d 1056, 1058-1059;
 
 People v Hollman,
 
 79 NY2d, at 193-194,
 
 supra).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacos a, Smith, Levine and Ciparick concur.
 

 On review of submissions pursuant to section 500.4 of the
 
 *947
 
 Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.