THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v UTON A. BENT, Appellant. [615 NYS2d 185] —Judgment unanimously affirmed. Memorandum: On appeal, defendant does not challenge the suppression court's findings that defendant had no reasonable expectation of privacy in the residence where he was apprehended and that defendant lacks standing to challenge the officer's entry into the residence and search of the kitchen. Instead, defendant contends that his pursuit was not justified. We disagree. Uniformed police officers responded to a radio dispatch that drugs were being sold in the 400 block of Cortland Avenue in Syracuse, an area known for frequent drug activity. As the officers were walking between lots, they overheard someone say "five-oh", alerting others to the presence of police. When the officers pointed flashlights in their direction, defendant and his companion walked away. Under the circumstances, the officers possessed objective articulable facts justifying an approach for information (see, People v Hollman, 79 NY2d 181; People v Diaz, 180 AD2d 415, affd 80 NY2d 950; People v Rasberry, 172 AD2d 293, lv denied 78 NY2d 925), and the conduct of the officer in requesting the individuals to stop and to "hang on" because they wanted to talk with them did not intensify that level of intrusion (see, People v Reyes, 199 AD2d 153, affd 83 NY2d 945). Defendant nervously continued to walk away, deliberately attempting to maintain space between himself and the officers and, while walking, spit a plastic baggie from his mouth. The police then

had reasonable suspicion that criminal activity was afoot, justifying their pursuit of defendant *(see, People v Matienzo,* 81 NY2d 778; *cf., People v Holmes,* 81 NY2d 1056).

On the same day, the police seized a quantity of crack cocaine found lying on the ground below the balcony of a motel room. Defendant had registered and paid for that room, which, at the time of the seizure, was occupied by the codefendant. Defendant concedes that the police suspected that he had used a fake driver's license in registering for the room and that knocking on the door of the room was justified. The codefendant responded to the knocking by attempting to hide the baggie containing the drugs in a tree or bush next to the balcony. The baggie fell to the ground and subsequently was discovered by the police. Because the police did not further intrude upon the privacy of defendant or the codefendant before the drugs were found and seized, there is no merit to defendant's contention that the court erred in refusing to suppress the baggie and its contents or in refusing to suppress other items seized from the room during a subsequent search to which the codefendant consented. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Pine, J. P., Balio, Fallon, Wesley and Davis, JJ.