■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JONES, Appellant. [633 NYS2d 893] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's suppression motion. Based on the information received from complainant, the police officer had an objective credible reason to follow defendant and ask him to stop *(see, People v Reyes,* 83 NY2d 945, 946, *cert denied* — US —, 115 S Ct 492; *People v Bora,* 83 NY2d 531). By dropping a small change purse containing 30 plastic baggies of cocaine, defendant effectively abandoned it *(see, People v Sierra,* 83 NY2d 928, 930). The contents of the change purse, coupled with the information received from complainant, provided the police officer with reasonable suspicion to justify detaining defendant for purposes of a showup identification *(see, People v Hicks,* 68 NY2d 234). The ensuing showup was not unduly suggestive

*(see, People v Clark,* 85 NY2d 886). The subsequent seizure of tangible property from defendant was authorized as a search incident to a lawful arrest *(see, People v Barclay,* 201 AD2d 952).

We have reviewed the remaining issue advanced by defendant and conclude that it is without merit. (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Pine, J. P., Lawton, Wesley, Callahan and Doerr, JJ.