■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MITCHELL, Appellant. [637 NYS2d 450] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered April 27, 1993, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends, among other things, that the discovery of a .38 caliber gun was the product of an illegal stop and detention by the police, and that the weapon should have been suppressed. We disagree. When Officer Robert Evers came upon the scene of the crime, there were numerous gun shots being fired. Evers did not know who was firing the shots, but he saw men in blue uniforms go behind a van, and heard someone yelling, "Police, don't move. Drop the guns". When the defendant and another man exited the van and began to walk away, Evers believed that they might be witnesses to the shooting. Thus, he said, "Fellows, could you hold it up", or "Just stop there, fellows, don't leave. I want to talk to you in a minute", or words to that effect. When another officer asked Officer Evers what he had, Evers said that he didn't know, that he just saw these two men come out of the van. At this point, the defendant became very agitated and denied having been inside the van. Evers then became suspicious, detained the two men, and had another officer look inside the front of the van, where the gun was discovered on the floor.

The defendant's argument turns on the assumption that by asking him and the other man to stop, Officer Evers effectuated a stop and detention, requiring reasonable suspicion that

the defendant was involved in some criminality (*see, People v De Bour*, 40 NY2d 210; *People v Hollman*, 79 NY2d 181). However, there is no per se rule that a request to have a citizen stop automatically constitutes a stop and detention, requiring reasonable suspicion. A request to have a citizen stop may constitute no more that a request for information, requiring no more than an objective credible reason (*see e.g., People v Reyes*, 83 NY2d 945, *cert denied* — US — , 115 S Ct 492). "[T]he facts of each case must be examined and the essential inquiry is whether the police conduct may be characterized as reasonable" (*People v John BB.*, 56 NY2d 482, 487, *cert denied* 459 US 1010). Under the circumstances of this case, Officer Evers' actions in asking the defendant and the other man to stop were entirely reasonable and constituted no more than a request for information, requiring an objective credible reason. Once the defendant claimed that he had not been in the van, a fact which Officer Evers knew to be false, Officer Evers possessed the necessary reasonable suspicion, given the defendant's proximity to the shooting, to detain the defendant. At that point, given the numerous shots which had been fired, sufficient exigent circumstances existed to justify the officers' looking inside the van for their own safety. Thus, the hearing court properly denied that branch of the defendant's motion which was to suppress the physical evidence.

We have examined the defendant's remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Ritter and Goldstein, JJ., concur.