■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD WELLS, Respondent. [640 NYS2d 258] —Appeal by the People from an order of the Supreme Court, Kings County (Moskowitz, J.), entered September 11, 1995, which granted those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the order is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials are denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The street encounter between the police and the defendant, wherein the police asked the defendant "how are you doing, where are you going, where are you coming from", constituted, as the Supreme Court correctly noted, the "minimal intrusion of approaching to request information" (*see, People v De Bour,* 40 NY2d 210, 223; *People v Hollman,* 79 NY2d 181, 190; *People v Thomas,* 203 AD2d 96). This minimal intrusion is permissible when there is some "objective credible reason for that interference not necessarily indicative of criminality" (*see, People v De Bour, supra,* at 223). Contrary to the Supreme Court's holding, the defendant's conduct which was observed by the police, i.e., his "adjusting a dark object in his waist area, and then * * * pull[ing] his jacket down over it", constituted a more than sufficient predicate for this minimal intrusion (*see, People v Reyes,* 83 NY2d 945, *cert denied* 513 US 991). In responding to this proper inquiry by the police, the defendant pointed "northbound". As he did so, his jacket inadvertently rose up, revealing the handle of a gun. At that point, he was arrested. Under these circumstances, the physical evidence and statements sought to be suppressed were the products of a lawful arrest. Rosenblatt, J. P., Copertino, Altman and Friedmann, JJ., concur.