■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY WILLIAMS, Appellant. [648 NYS2d 856] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered February 27, 1992, convicting him of murder in the second degree (two counts) and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

A police officer may ask a person to stop so that the officer may approach in order to request information (*see, People v Reyes,* 83 NY2d 945, 946; *People v Mitchell,* 223 AD2d 729; *People v Bent,* 206 AD2d 926). Therefore, when Officer Paul, investigating a robbery in the area, saw the defendant and the group he was standing with disperse at the approach of the unmarked police car, the officer acted within the bounds of the law by asking the defendant to stop. Thereafter, when the officer saw the outline of a gun in the defendant's waistband, he was justified in believing that the defendant was armed and was lawfully permitted to frisk him for weapons (*see,* CPL 140.50 [3]; *People v Salaman,* 71 NY2d 869; *People v Chestnut,* 51 NY2d 14, 23, *cert denied* 449 US 1018; *People v De Bour,* 40 NY2d 210; *People v Price,* 194 AD2d 634; *People v Daniels,* 190 AD2d 858, 859; *People v Quan,* 182 AD2d 506, 507; *People v King,* 165 AD2d 835). The recovery of the weapon after the frisk gave the officer probable cause to arrest the defendant and the court properly denied suppression (*see, People v Sattan,* 200 AD2d 640; *cf., People v Sledge,* 225 AD2d 711). The hearing court's determination will generally be accorded great weight on appeal and will not be disturbed unless clearly unsupported by the evidence (*see, People v Garafolo,* 44 AD2d 86, 88). Contrary to the defendant's contention, the officer's testimony was credible. Nor did the defendant present any evidence to contradict this testimony at the hearing. Accordingly, we find no reason to disturb the hearing court's determination (*see, People v Prochilo,* 41 NY2d 759; *People v Grajales,* 187 AD2d 631, 632; *People v Williams,* 156 AD2d 288).

The defendant's contention that the hearing court should have suppressed his statements made to Detective Nickolich on the ground that they had been "coerced by psychological pressures" and induced by "threat" is not preserved for appellate review (*see,* CPL 470.05 [2]; *People v Liccione,* 50 NY2d 850; *People v Bunbury,* 218 AD2d 747) and in any event, is without merit. The defendant's appearance and demeanor on the videotape belies his claim that he was psychologically or

physically coerced by lack of food or water into making the statements (*see, People v Dozier,* 221 AD2d 655; *People v Turner,* 200 AD2d 603, 604).

Furthermore, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crimes charged beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo, supra,* at 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

We do not find the imposition of consecutive sentences to be excessive in light of the defendant's criminal history and the violent and terrorizing nature of the offenses (*see, People v Tam Phan,* 225 AD2d 715).

The defendant's remaining contentions are unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Betts,* 70 NY2d 289, 294; *People v Cannon,* 224 AD2d 439) or without merit (*see, People v Walker,* 83 NY2d 455, 459; *People v Miller,* 221 AD2d 477; *People v Daniels,* 225 AD2d 632; *People v Banks,* 208 AD2d 759, 760). Thompson, J. P., Joy, Krausman and Florio, JJ., concur.