■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JOHNSON, Appellant. [665 NYS2d 678] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered June 20, 1995, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements and physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the gun recovered from his person and the statements he gave to the police should have been suppressed as the result of an unlawful stop and frisk. We disagree.

The police had reasonable suspicion to stop the defendant herein based on the totality of the circumstances, including a radio transmission providing a general description of the defendant and his location, the close proximity of the defendant to the site of the crime, the short passage of time between the crime and the defendant's presence near the location of the crime, and the officer's observation of the defendant who matched the radio-transmitted description (*see, People v Wilson,* 225 AD2d 568).

Moreover, the officer was justified in frisking the defendant. The officer believed that the defendant was armed because the crime involved a shooting (*see, e.g., People v Sledge,* 225 AD2d 711) and saw evidence of a gun on his person (*see, People v Williams,* 226 AD2d 750). Once the officer recovered the gun, he had probable cause to arrest the defendant (*People v Williams, supra*).

The defendant also contends that his statements to the police made at the stationhouse were involuntary. However, the record shows that the defendant was advised of his *Miranda* rights and voluntarily waived them prior to making the statements to the police. The record also establishes that the defendant was not threatened, abused, or otherwise mistreated by

the police (*see, People v Thomas,* 223 AD2d 612). Further, since the defendant was over 16-years old at the time of the questioning, the statutory parental notification requirements were not applicable (*see, People v Crosby,* 105 AD2d 844).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved, without merit, or relate to harmless error in light of the overwhelming evidence of the defendant's guilt. Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.