■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN JACKSON, Appellant. [670 NYS2d 895] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered October 17, 1996, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to the police.

Ordered that the judgment is affirmed.

The street encounter between the police officer and the defendant, wherein the police officer identified himself and sought to speak to the defendant, constituted the "minimal intrusion of approaching to request information" (*People v De Bour*, 40 NY2d 210, 223; *see also, People v Hollman*, 79 NY2d 181, 190; *People v Wells*, 226 AD2d 406; *People v Thomas*, 203 AD2d 96). "This minimal intrusion is permissible when there is some 'objective credible reason for that interference not necessarily indicative of criminality' " (*People v Wells,* 226 AD2d 406, *supra*, quoting *People v De Bour, supra*, at 223). At bar, the police officer was investigating a series of "pattern" robberies. The officer possessed the photocopy of a photograph of a suspect in those robberies, and noted that the defendant fit the general description of the suspect. Thus, when the defendant ignored the officer's request to speak to him, attempted to run, and put his hand to his waistband, the officer properly stopped him. The "[p]olice may forcibly stop or pursue an individual if they have information which, although not yielding the probable cause necessary to justify an arrest, provides them with a reasonable suspicion that a crime has been, is being, or is about to be committed" (*People v Martinez*, 80 NY2d 444, 447; *see also, People v Leung*, 68 NY2d 734; *People v De Bour, supra*). Once the defendant dropped a gun after being legally stopped, the police had probable cause to arrest him (*see, People v Reyes*, 83 NY2d 945, *cert denied* 513 US 991).

Since the police were justified in stopping the defendant, the hearing court properly denied that branch of his omnibus motion which was to suppress the gun he dropped. Additionally, since the defendant's statement that he carried the gun for protection was spontaneous, the court properly denied that branch of the motion which was to suppress that statement (*see, Rhode Is. v Innis*, 446 US 291, 300-301; *People v Ferro*, 63 NY2d 316, 322, *cert denied* 472 US 1007).

The defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are without merit. O'Brien, J. P., Joy, Altman and Luciano, JJ., concur.