■ The People of the State of New York, Appellant, v Anthony Weaver, Respondent. [682 NYS2d 321] —Order unanimously reversed on the law, motion to suppress denied and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: County Court erred in granting defendant's motion to suppress. A police officer observed defendant and a few other men standing for an extended period of time outside a beauty salon in a drug-prone area in the early evening (*see, People v Williams*, 226 AD2d 750, 751, *lv denied* 88 NY2d 943; *People v Thomas*, 203 AD2d 96, *lv denied* 83 NY2d 972). Without activating his lights or siren, the officer pulled his marked patrol car over in order to identify the men. As the officer stepped from his vehicle, defendant fled, ignoring the officer's direction to stop. The officer did not display a weapon. We conclude that the officer was entitled to approach the group to request information (*see, People v Reyes*, 83 NY2d 945, 946, *cert denied* 513 US 991; *People v Diaz*, 80 NY2d 950, 952; *People v De Bour*, 40 NY2d 210, 223) and that the conduct of the officer in directing defendant to

stop running did not intensify the encounter beyond minimal intrusion (*see, People v Williams, supra,* at 751; *People v Jones,* 221 AD2d 998, *lv denied* 87 NY2d 903; *see also, People v Reyes, supra,* at 946). The drugs that defendant allegedly dropped before the officer had the opportunity to ask him any questions were abandoned and should not have been suppressed (*see, People v Diaz, supra,* at 952; *People v Jones, supra; People v Thomas, supra*). (Appeal from Order of Monroe County Court, Bristol, J.—Suppress Evidence.) Present—Pine, J. P., Hayes, Wisner and Boehm, JJ.