■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JONATHAN PRIVATE, Respondent. [687 NYS2d 379] —Appeal by the People from an order of the Supreme Court, Queens County (Sampson, J.), dated April 13, 1998, which granted those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the order is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials are denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

Two police officers on patrol received radio transmissions of shots fired and a robbery in progress during which a shot was fired at an individual at a certain location. The transmissions provided a description of the perpetrators, including the fact that the individual with a gun was wearing a particular type of hat. The defendant and another man were stopped minutes later only a few blocks from the site of the crime at a location toward which the perpetrators were reported to be fleeing. The defendant, who was wearing the hat described in the transmission, was frisked and a gun was recovered from his waistband. Several hours later at the precinct house, after receiving *Miranda* warnings, he made an oral and a written statement.

The Supreme Court erred in suppressing the gun and the statements inasmuch as the police had reasonable suspicion to stop the defendant based on the radio transmissions, the close temporal and physical proximity of the defendant to the site of the crime, and the officer's observation of the defendant, who matched the radio-transmitted description (*see, People v Johnson,* 244 AD2d 573; *People v Wilson,* 225 AD2d 568). The officer was justified in frisking the defendant, as he had reason to believe that the defendant was armed since the transmissions indicated that a violent crime had just occurred, shots had been fired, and the man wearing the particular hat had a gun (*see, People v Figueroa,* 233 AD2d 461). Once the gun was

recovered, the officer had probable cause to arrest the defendant (*see, People v Johnson, supra*). Consequently, the gun and the statements subsequently made by the defendant were not the product of any unlawful police conduct. Ritter, J. P., Sullivan, Altman and McGinity, JJ., concur.