■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVING BEGUN, Appellant. [687 NYS2d 898] —Judgment, Supreme Court, New York County (James Yates, J.), rendered June 13, 1996, convicting defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree and forgery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years, unanimously affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN JAMES, Also Known as WILLIAM SHAWN JAMES, Appel-

lant. [690 NYS2d 205] —Judgment, Supreme Court, Bronx County (Eugene Oliver, J., at *Mapp* hearing; Daniel FitzGerald, J., at plea and sentence), rendered October 14, 1997, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Upon observing defendant and two other men running from an area where gunfire had just been heard, an officer approached the men with her revolver drawn and at her side, and asked what was going on. She observed that the three were sweating and out of breath. One of the men said that people were shooting at them. When the men began to walk away, without seeking protection from the police or offering any cooperation, this suspicious behavior justified the officer's request to the men to "wait" and "hold on", and such request did not constitute a seizure (*see, People v Bora*, 83 NY2d 531), but was rather an integral part of an amply justified request for information, or, at most, a common-law inquiry (*see, People v Mitchell*, 223 AD2d 729, *lv denied* 87 NY2d 1022). The officer's suspicions were heightened when she received no response to her request for a description of the shooters and when she then observed that one of the three had a large bulge under his jacket in the waist area. As she approached this man to pat him down, defendant, who at all times reasonably appeared to be accompanying the other two, started walking away, and the officer said "wait, wait, hold up" or "come back, where are you going?" The record supports the court's finding that these verbal commands did not elevate the encounter to a seizure (*see, People v Bora, supra*). Accordingly, defendant's abandonment of a pistol was not the product of any unlawful police activity. We have considered and rejected defendant's remaining claims. Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Saxe, JJ.