■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR CRAWFORD, Appellant. [695 NYS2d 96] —Appeal by the defendant from a judgment of the County Court, Nassau County (Galasso, J.), rendered March 2, 1998, convicting him of burglary in the second degree and criminal possession of stolen property in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gulotta, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made to the police.

Ordered that the judgment is affirmed.

The defendant contends that the County Court erred in denying his suppression motion because the officer who stopped him did not have sufficient information to believe that he had committed a crime. We disagree. Although the defendant claims that the police stop was a "seizure", which must be supported by reasonable suspicion that a suspect has been involved in a crime, "there is no per se rule that a request to have a citizen stop constitutes a stop and detention, requiring reasonable suspicion" (*People v Mitchell,* 223 AD2d 729, 730). A request to have a citizen stop may constitute no more than a request for information, requiring no more than an objective credible reason (*see, People v Mitchell, supra; see also, People v Reyes,* 83 NY2d 945, *cert denied* 513 US 991).

Here, the hearing record reveals that the arresting officer stopped the defendant because he matched the description of an individual who had been observed walking through the backyards of private homes in a residential neighborhood. The officer thus had an objective credible reason to stop the defendant, ask him his name, and inquire about what he was doing

(*see, People v Reyes, supra; People v Hollman,* 79 NY2d 181; *People v De Bour,* 40 NY2d 210; *People v Clark,* 237 AD2d 372). When the defendant gave an apparently untruthful answer to the officer's inquiry about what he was doing when stopped, and inconsistent information about the ownership of a cellular phone which he initially claimed belonged to him, the officer acted reasonably in briefly detaining him while he conducted an investigation to determine the true owner of the phone (*see, People v Seiden,* 199 AD2d 437; *People v Alston,* 189 AD2d 555). Upon learning that the cellular phone was actually owned by a neighborhood resident who lived a short distance away from the spot where the defendant was stopped, the officer had probable cause to arrest him (*see, People v De Bour, supra*). Sullivan, J. P., Krausman, Florio and Smith, JJ., concur.