■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIE REDDICK, Respondent. [695 NYS2d 636] —Order unanimously reversed on the law, motion to suppress denied and matter remitted to Supreme Court for further proceedings on the indictment. Memorandum: An experienced narcotics officer on routine patrol in a drug-prone area observed defendant standing for an extended period of time on the corner in front of a store. He had observed defendant standing in the same location when he had driven by approximately one hour earlier. The officer stopped his police vehicle and asked defendant his name, date of birth and reason for being there. In providing the requested information, defendant stated that he was waiting for his girlfriend. The officer did not order defendant to remain, nor did he have any physical contact with defendant. The officer then conducted a warrant check and was informed that defendant had an outstanding warrant. Upon arresting defendant on the warrant, he conducted a search incident to arrest and discovered a controlled substance in defendant's pocket.

Supreme Court erred in granting defendant's motion to suppress the fruits of the search. Contrary to the court's conclusion, the officer had an articulable reason for approaching defendant and asking his identity and reason for being in the area (*see, People v Weaver*, 255 AD2d 959; *People v Fitz*, 187 AD2d 449, *lv denied* 81 NY2d 839; *see generally, People v Hollman*, 79 NY2d 181, 190-191). When the officer learned of the existence of the outstanding warrant, he had probable cause to arrest defendant. (Appeal from Order of Supreme Court, Onondaga County, Brunetti, J.—Suppress Evidence.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Balio, JJ.