■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BROWN, Appellant. [713 NYS2d 120] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McDonald, J.), rendered May 7, 1997, convicting him of burglary in the third degree, criminal mischief in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Flaherty, J.), of those branches of the defendant's omnibus motion which were to suppress certain statements he made to law enforcement officials and physical evidence. By decision and order dated January 10, 2000 (268 AD2d 439), this Court remitted the matter to the Supreme Court, Queens County, for a reconstruction hearing to determine if the defendant was present at the *Sandoval* hearing, and the appeal was held in abeyance in the interim. The Supreme Court, Queens County (Flaherty, J.), has filed its report.

Ordered that the judgment is affirmed.

The testimony at the reconstruction hearing established that the defendant was present at the *Sandoval (People v Sandoval,* 34 NY2d 371) hearing. Accordingly, the defendant was not deprived of his right to be present at all material stages of the trial (*see, People v Dokes,* 79 NY2d 656).

The defendant's contention that the People failed to demonstrate the existence of a reasonable suspicion to detain him pending further investigation is unpreserved for appellate review as the defendant's argument before the hearing court was limited to the claim that he had been arrested without probable cause (*see,* CPL 470.05 [2]; *People v Santos,* 86 NY2d 869; *People v Burton,* 194 AD2d 683). In any event, the contention is without merit. The record reveals that the police had an

objective credible reason to stop the defendant and inquire about his activities after he was observed carrying four bottles of alcohol in his arms, walking away from a commercial building where a burglar alarm was ringing at 5:00 A.M. (*see, People v Crawford,* 262 AD2d 330). The right of inquiry ripened into reasonable suspicion to believe that he had committed a crime when he provided implausible explanations about his presence in the vicinity and his possession of the bottles of alcohol (*see, People v Torres,* 239 AD2d 154; *People v Walker,* 192 AD2d 734). Accordingly, the brief detention of the defendant was justified.

The defendant's remaining contention is without merit. Thompson, J. P., Krausman, H. Miller and Schmidt, JJ., concur.