■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS L. PETERKIN, Appellant. [785 NYS2d 620]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered December 20, 2001. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree (two counts), petit larceny, criminal possession of stolen property in the fifth degree, grand larceny in the third degree (two counts), grand larceny in the fourth degree, criminal possession of stolen property in the third degree (two counts), criminal possession of stolen property in the fourth degree, criminal mischief in the fourth degree, unauthorized use of a vehicle in the third degree, and four traffic offenses.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, two counts each of burglary in the second degree (Penal Law § 140.25 [2]), grand larceny in the third degree (§ 155.35) and criminal possession of stolen property in the third degree (§ 165.50), and one count

each of criminal mischief in the fourth degree (§ 145.00 [3]), unauthorized use of a vehicle in the third degree (§ 165.05 [1]), reckless driving (Vehicle and Traffic Law § 1212), speeding (§ 1180 [d]) and unlicensed operation of a motor vehicle (§ 509 [1]). He was sentenced as a second violent felony offender to an aggregate term of imprisonment of eight years.

We reject defendant's contention that County Court abused its discretion in refusing to sever the two burglary counts from the remaining counts. Here, the two burglaries were joinable under CPL 200.20 (2) (c), i.e., they were based upon different criminal transactions but "are defined by the same or similar statutory provisions and consequently are the same or similar in law." Thus, defendant was entitled to severance only upon a showing that the counts should be severed "in the interest of justice and for good cause shown" (200.20 [3]). Defendant contended in support of severance only that he did not wish to testify concerning certain counts but wished to testify concerning others, and he "failed to make a 'convincing showing that [he had] both important testimony to give' concerning . . . [certain counts] and 'a genuine need to refrain from testifying' " concerning other counts (*People v Owens,* 256 AD2d 1220, 1221 [1998], *lv denied* 93 NY2d 877, 880 [1999], quoting CPL 200.20 [3] [b]; *see People v McKnight,* 284 AD2d 941, 942 [2001], *lv denied* 96 NY2d 921 [2001]). Thus, we conclude that defendant failed to make the requisite showing of good cause to warrant severance (*see generally People v Cunningham,* 110 AD2d 708 [1985]).

We also reject the contention of defendant that the court abused its discretion in denying his motion to dismiss the indictment in the interest of justice. Pursuant to CPL 210.40 (1), "[a]n indictment or any count thereof may be dismissed in furtherance of justice . . . when . . . such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice." Defendant sought dismissal based on his alleged failing health and based on alleged illegal police activity. He failed, however, to offer any medical proof that he was unable to stand trial, defend himself, or withstand incarceration due to his health problems, and he failed to offer any objective evidence of the alleged illegal police activity. We conclude on the record before us that the court properly denied defendant's motion (*see generally People v Kennard,* 266 AD2d 718, 719 [1999], *lv denied* 94 NY2d 864 [1999]; *People v Anderson,* 204 AD2d 168 [1994], *lv denied* 84 NY2d 822 [1994]).

Contrary to the further contention of defendant, the court properly denied his suppression motion. Here, the emergency exception to the warrant requirement applies because the police justifiably believed that they had interrupted a burglary or trespass in progress and that entry into the apartment was necessary to prevent the commission of a crime (*see generally People v Calhoun*, 49 NY2d 398, 403 [1980]; *People v Guins,* 165 AD2d 549, 552 [1991], *lv denied* 78 NY2d 1076 [1991]). In addition, in determining that defendant was not in custody when he made his admissions to the police, the court was entitled to credit the testimony of the police officers that defendant voluntarily accompanied them to the Public Safety Building, was not handcuffed and did not request an attorney (*see People v Diaz*, 84 NY2d 839, 840 [1994]; *People v Centano*, 76 NY2d 838; *see generally People v Prochilo*, 41 NY2d 759, 761 [1980]; *People v Coleman*, 306 AD2d 941 [2003], *lv denied* 1 NY3d 596 [2004]). Furthermore, defendant effectively abandoned the soda bottle when he discarded the bottle before the police seized it from the trash (*see People v Weaver*, 255 AD2d 959 [1998], *lv denied* 93 NY2d 981 [1999]; *People v Jones*, 221 AD2d 998 [1995], *lv denied* 87 NY2d 903 [1995]; *People v Thomas*, 203 AD2d 96 [1994], *lv denied* 83 NY2d 972 [1994]).

By exercising his right to proceed pro se, defendant waived his further contention that he was denied his right to effective assistance of counsel (*see generally People v Garcia*, 69 NY2d 903, 904 [1987], *rearg denied* 70 NY2d 694 [1987]). "A criminal defendant has no Federal or State constitutional right to hybrid representation [citations omitted]. While the Sixth Amendment and the State Constitution afford a defendant the right to counsel or to self-representation, they do not guarantee a right to both" (*People v Rodriguez*, 95 NY2d 497, 501 [2000]).

Defendant failed to preserve for our review his contentions that he was denied a fair trial based on alleged prosecutorial misconduct and that the court improperly attempted to compel him to incriminate himself and erred in allowing rebuttal testimony (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Gorski, Martoche and Hayes, JJ.