Bernetta A. Bourcy County Attorney Yates County 415 Liberty Street Suite 204 Penn Yan, New York 14527
Dear Ms. Bourcy:
You have requested an opinion regarding the authority of certain peace officers to (1) physically restrain a person against whom the peace officer knows an arrest warrant is outstanding until a police officer arrives to make the arrest, and (2) make a warrantless arrest of such a person. As explained more fully below, although not free from doubt, we are of the opinion that when a peace officer becomes aware of an outstanding warrant through the performance of his special duties, he may physically detain such person pending arrival of a police officer, and that in some, but not all, instances, a peace officer may properly make an arrest based on knowledge of the outstanding warrant.
I. FACTUAL BACKGROUND
You have explained that Yates County employs, through the Sheriff's Office, court security officers and marine patrol officers. You have advised that these employees are peace officers under the Criminal Procedure Law. See id. § 2.10(21)(a) (uniformed court officers of the unified court system) and (70) (employees appointed by the sheriff of Yates County, pursuant to their special duties serving as uniformed marine patrol *Page 2 
officers). In the past, the County has instructed these peace officers to contact law enforcement headquarters in the event they observe a person against whom they know an arrest warrant has been issued; a police officer will be sent to make the arrest. The person against whom the warrant is outstanding may, however, try to leave the courthouse or the waterside. Thus you ask whether the peace officer may take either of the suggested actions to prevent the person from leaving. We assume that the peace officer would have no independent information other than the existence of the arrest warrant that would allow him to physically detain or arrest the person; thus, the detention would be solely based on knowledge of the outstanding warrant.
II. STATUTORY BACKGROUND
Peace officers and police officers are statutorily distinct groups of law enforcement officers. Compare Criminal Procedure Law § 2.10
(officers defined as peace officers) with id. § 1.20(34) (officers defined as police officers). Peace officers are responsible for law enforcement in a particular area — they are "official[s] who perform a law enforcement function for an agency that does not have policing as its central mission." Peter Preiser, Practice Commentaries to Criminal Procedure Law § 2.10, 11A McKinney's Cons. Laws of N.Y. at 69 (2003). Exercise of nearly all of the powers of peace officers is explicitly limited to when they are "acting pursuant to their special duties." Criminal Procedure Law §§ 2.20, 140.25; see also Joseph W. Bellacosa, Practice Commentaries to Criminal Procedure Law § 2.20, 11A McKinney's Cons. Laws of N.Y. at 56 (1981) ("It is clearly [not] permissible to act, other than in the specified and inherent duties of the office held and at those appropriate times."). In contrast, police officers perform general law enforcement functions. See generally Joseph W. Bellacosa, Practice Commentaries to Criminal Procedure Law § 1.20, 11A McKinney's Cons. Laws of N.Y. at 29 (1981) (under Criminal Procedure Law, police officers are accorded primary, and often exclusive, power and obligation with respect to matters involving enforcement of criminal law).
III. ANALYSIS A. Authority to Physically Detain
You have asked whether a peace officer may physically detain a person against whom he knows a warrant is outstanding pending the arrival of a police officer to make the arrest. Although not free from doubt, we believe that the peace officer who becomes aware of an outstanding arrest warrant through the performance of his special duties may physically detain the subject of the *Page 3 
warrant pending arrival of a police officer to make the arrest if the subject of the warrant tries to leave.
Peace officers are expressly authorized to use physical force to effect an arrest or prevent an escape pursuant to Penal Law § 35.30. Criminal Procedure Law § 2.20(1)(b). Section 35.30 of the Penal Law provides that a peace officer,
 in the course of effecting or attempting to effect an arrest, or of preventing or attempting to prevent the escape from custody, of a person whom he reasonably believes to have committed an offense, may use physical force when and to the extent he reasonably believes such to be necessary to effect the arrest, or to prevent the escape from custody. . . .
Penal Law § 35.30(1). Comparable language applying to citizens found in Penal Law § 35.30(4) has been interpreted to authorize a citizen to use force to prevent a person who committed an offense from leaving the scene pending the arrival of a police officer. In People v.Borrero, 118 A.D.2d 345 (1st Dep't 1986), the court upheld the authority of a drugstore security guard to detain a person who had drawn a gun and made threats with it, until a police officer arrived to make the arrest. In that case, the detention resulted in a confrontation in which the detained person died. The court reversed the conviction of the security guard for criminally negligent homicide, on the ground that the guard was acting within his lawful authority under Penal Law § 35.30(4) to use ordinary physical force to the extent necessary to facilitate the arrest of the detained person by a police officer or to prevent his escape. The court found that the guard had
 left the store for the specific purpose of effecting Johnson's arrest. According to [the guard], he had seen a policeman pass by only a few minutes earlier. . . . Therefore, when [the guard] went outside, it was his intention to find the police officer or else to detain Johnson until the arrival of the police summoned by the druggist. Under Penal Law § 35.30(4), [the guard] had the authority to use ordinary physical force to the extent necessary to arrest Johnson or prevent his escape.
Id. at 350. See also People v. Karp, 158 A.D.2d 378, 381
(1st Dep't), rev'd on other grounds, 76 N.Y.2d 1006
(1990) (force designed to halt flight of suspect and secure his apprehension falls squarely within purview of Penal Law § 35.30). If a *Page 4 
security guard who is not a peace officer has the authority to detain a person for arrest by a police officer, a peace officer has no less authority to do the same.
The peace officer must "reasonably believe" that the subject of the physical detention committed an offense. Penal Law § 35.30. This standard is, in our opinion, met by the peace officer's knowledge of the existence of an outstanding arrest warrant. An arrest warrant is issued upon a finding by an impartial magistrate that reasonable cause exists to believe that the subject of the warrant committed an offense charged. Criminal Procedure Law § 120.20(2). We believe that a peace officer who has knowledge of the existence of an outstanding arrest warrant, relying on the reasonable cause determination by the magistrate, would reasonably believe that the subject of the warrant has committed an offense.
Therefore, applying Penal Law § 35.30 as interpreted by theBorrero court, we believe that a peace officer is justified in using the degree of physical force he reasonably believes necessary to prevent the subject of the warrant from leaving pending the arrival of a police officer to make the arrest.[1]
We note that, except in circumstances where the peace officer is authorized to make an arrest, as discussed below, it is necessary that the peace officer merely detain and not in fact make an arrest. Because the line between temporary detention and arrest can be a fine one, a peace officer exercising the power to detain should avoid a lengthy period of detention and should use the minimum force necessary.
As we explain below, we believe that knowledge of the existence of the outstanding warrant would provide probable cause for a peace officer to make an arrest, but a peace officer does not have the authority to make an arrest in all instances. Thus, the safer course may well be for a peace officer who comes across a person against whom an arrest warrant is outstanding to physically detain the person if he tries to leave, to alert police officers, and to leave the arrest for them.
B. Authority to Arrest
As explained below, we believe that a peace officer may, in some instances, arrest a person against whom a warrant is outstanding, based on knowledge of the existence of the warrant. *Page 5 
The legal question arises because peace officer officers generally lack authority to execute an arrest warrant.[2] See Criminal Procedure Law § 120.50 (specifying the officers to whom an arrest warrant may be addressed); id. § 120.60 (specifying the police officers who may execute an arrest warrant); Peter Preiser, Practice Commentaries to Criminal Procedure Law § 120.60, 11A McKinney's Cons. Laws of N.Y. at 507 (2004) ("Peace officers . . . cannot receive delegated authority to execute New York warrants.").
Peace officers are, however, authorized to make warrantless arrests for certain offenses when they have "reasonable cause to believe" that a particular person has committed such an offense. Criminal Procedure Law § 2.20(1)(a); id. § 140.25. The offense need not be committed in the peace officer's presence, see id. § 140.25(1)(b), (3)(b), and thus the peace officer necessarily is authorized to make a warrantless arrest based on information obtained by other than his observation of the commission of the offense. This information could be provided to the peace officer by another person, such as a reliable citizen informant.See People v. Rivera, 210 A.D.2d 895 (4th Dep't 1994) (identified citizen informant is presumed to be reliable source of information upon which to base probable cause for arrest). Logically, if a peace officer may rely on information provided by a citizen to make the determination himself that reasonable cause to arrest exists, he should be able to make an arrest based on knowledge that an impartial magistrate determined reasonable cause before issuing the arrest warrant.
Considering these two sources of authority, we conclude that the better answer is that a peace officer may make an arrest based on knowledge of an outstanding arrest warrant under certain circumstances described below, in which there is an appropriate connection to the special duties of the peace officer.
Police officers who rely on knowledge of a valid outstanding arrest warrant have reasonable cause to make an arrest.[3] See *Page 6 People v. Reddick, 265 A.D.2d 855 (4th Dep't 1999) ("When the [police] officer learned of the existence of the outstanding warrant, he had probable cause[4] to arrest defendant."). We believe that a peace officer may similarly rely on knowledge of an outstanding warrant to provide reasonable cause to make the arrest. The "reasonable cause" standard applies to arrests made by both police officers and peace officers. Compare Criminal Procedure Law § 140.25(1), (3) (peace officers) with id. § 140.10(1) (police officers); see id. § 70.10(2) (definition of "reasonable cause to believe that a person has committed an offense" applicable to Criminal Procedure Law). Moreover, to conclude otherwise would lead to the absurd result of a peace officer being able to rely on information provided by a reliable citizen but not being able to rely on knowledge that an independent magistrate determined that reasonable cause to arrest existed. We therefore conclude that knowledge of the existence of an outstanding arrest warrant may provide a peace officer with reasonable cause to make an arrest.
This is not, however, the end of the inquiry. While a peace officer might have reasonable cause to make an arrest, he is not authorized to execute an arrest warrant, and he is authorized to make a warrantless arrest only in the situations specified in Criminal Procedure Law §140.25. We put to one side a peace officer's authority to make an arrest for an offense committed in his presence, see Criminal Procedure Law § 140.25(1)(a), (3)(a), and (4), and consider only those provisions that authorize an arrest on reasonable cause to believe the person has committed a crime, namely Criminal Procedure Law § 140.25(1) (b) and (3)(b).
Section 140.25(1)(b) provides that a peace officer may arrest a person without a warrant for a crime[5] when he has reasonable cause to believe that such person has committed such crime, so long as the peace officer is acting "pursuant to his special duties." According to section 140.25, a peace officer acts pursuant to his special duties in making an arrest either when the arrest is for (1) an offense defined by a statute that *Page 7 
the peace officer, by reason of the specialized nature of his particular employment or by express provision of law, is required or authorized to enforce, or (2) an offense committed or reasonably believed by him to have been committed in such manner or place as to render arrest of the offender by such peace officer under the particular circumstances an integral part of his specialized duties. Criminal Procedure Law §140.25(2). Thus, to determine whether a particular peace officer may make a particular warrantless arrest under this provision, it is generally necessary to consult the legal authority that authorizes employment of the peace officer to determine whether "the offense falls within the specialized nature of the officer's employment or is one which by express provision of law the officer is authorized or required to enforce." Peter Preiser, Practice Commentaries to Criminal Procedure Law § 140.25, 11A McKinney's Cons. Laws of N.Y. at 328 (2004).
Section 140.25(3)(b) provides that a peace officer, whether or not he is acting pursuant to his special duties, may arrest a person for a felony when he has reasonable cause to believe the person has committed the felony within the geographical area of the peace officer's employment.
In sum, the offenses for which a peace officer may make an arrest, when the offense was not committed in his presence, are limited to (1) misdemeanors or felonies proscribed by laws the enforcement of which come within the peace officer's special duties,[6] and (2) felonies committed within the peace officer's geographical area of employment, which in this case appears to be the County, see Criminal Procedure Law § 140.25(5)(b). We will refer to these hereinafter as "qualifying offenses." Therefore, even when the peace officer has reasonable cause to believe that an offense was committed, the peace officer must determine that the offense underlying the warrant was an offense for which he may properly make an arrest.
Finally, because peace officers are generally not authorized to execute arrest warrants, as discussed above, it is necessary *Page 8 
to distinguish between relying on the warrant for probable cause, which is permissible, and executing the warrant, which is not. We believe the distinction may turn on the manner in which the peace officer becomes aware of the outstanding warrant. We distinguish between, for example, the peace officer who, while performing his special duties, validly stops a person and then discovers, through a computer check, that a warrant is outstanding, and the peace officer who is given a list of people against whom warrants are outstanding and is told to look for those people (unless, of course, the special duties of the peace officer authorize such seeking-out).
We believe that in the first instance, because the peace officer has an independent basis for approaching a person in the performance of his special duties, becomes aware of the outstanding warrant through the performance of his special duties, and the arrest flows from the performance of those duties, this peace officer would not be considered to be executing the arrest warrant. While we are not aware of this precise point having been judicially determined, language used by courts suggests the distinction. For example, in People v. Gulley,809 N.Y.S.2d 483 (Sup.Ct. Queens County 2005), a police officer validly stopped the defendant to issue a summons for an administrative code violation. During the stop, the police officer discovered an outstanding warrant for the defendant's arrest. The court determined that at that point the police possessed probable cause to arrest him. The validity of the arrest based on the warrant was described in terms of the arresting officer's probable cause, rather than in terms of executing the outstanding warrant. See also People v. Cherry, 2006 N.Y Misc. LEXIS 3615 (Sup.Ct. Kings County 2006) (police lawfully requested information from defendant; his responses permitted the police to detain defendant and authenticate his identification; once they discovered an outstanding warrant, they had probable cause to arrest).
In the second instance, however, the peace officer has no basis for approaching the person other than knowledge of the outstanding warrant. Under these circumstances, we believe that the peace officer could reasonably be viewed to be executing the arrest warrant. Language inPeople v. Ebron, 275 A.D.2d 490 (3d Dep't 2000), lends support to this conclusion. In Ebron, a police officer was informed by a colleague that an arrest warrant had been issued for the defendant's arrest. The police officer, who already knew the defendant, saw the defendant during his patrol. He approached the defendant, confirmed the defendant's identity, and informed him of the outstanding warrant. After verifying with his colleagues the validity of the warrant, the police officer arrested the defendant. In upholding the validity *Page 9 
of the arrest, the court stated, "This case does not involve a warrantless police-initiated street encounter with a citizen which would necessitate consideration of the De Bour factors [citation omitted]. Rather, in this case, the arresting officer approached defendant toexecute a concededly valid arrest warrant." 275 A.D.2d at 491 (emphasis added); see also United States v. Miller, 382 F. Supp. 2d 350, 369, n. 9 (N.D.N.Y. 2005) (distinguishing between valid arrest made with probable cause based on outstanding warrant and delegation of power to execute outstanding warrant). Under these circumstances, we believe that the peace officer would be performing general law enforcement duties, a responsibility of police, rather than peace, officers.
In sum, we conclude that a peace officer may make a warrantless arrest based upon knowledge of an outstanding arrest warrant for a qualifying offense when the peace officer learns of the outstanding warrant through the performance of his special duties. We recognize that the limitations on the authority to arrest described above may result in an impracticable standard for particular types of peace officers to use. As we explained above, we believe that knowledge of the existence of the outstanding warrant would provide sufficient basis for a peace officer to physically detain the subject of a warrant, regardless of whether the underlying offense is a qualifying offense or not, pending the arrival of a police officer to make an arrest. Thus, the simpler course may well be for a peace officer who, through the performance of his special duties, comes across a person against whom an arrest warrant is outstanding to physically detain the person if he tries to leave and to alert police officers and allow the arrest to be made by them.
Therefore, in response to your inquiry, we conclude that in those instances where a peace officer becomes aware of an outstanding warrant through the performance of his special duties, he may physically detain such person pending arrival of a police officer. We further conclude that in some, but not all, instances, a peace officer may properly make an arrest based on knowledge of the outstanding warrant.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General In Charge of Opinions
[1] Section 35.30 limits the use of deadly physical force. Penal Law § 35.30(1).
[2] An example of an exception to this general rule is provided by Criminal Procedure Law § 120.55, which authorizes a parole officer or probation officer to execute an arrest warrant against a defendant who is under the supervision of the state Division of Parole or a local or state probation department under certain circumstances.
[3] The arresting officer of course runs the risk that the information indicating the existence of an outstanding valid warrant is not accurate or up-to-date; the good faith belief in the continued efficacy of the warrant does not validate an arrest based on a warrant that has already been executed or was vacated or is otherwise invalid. People v.Jennings, 54 N.Y.2d 518 (1981); People v. Lent, 92 A.D.2d 941 (2d Dep't 1983).
[4] "Reasonable cause" is synonymous with "probable cause." See Peoplev. Maldonado, 86 N.Y.2d 631, 635 (1995).
[5] A crime is a misdemeanor or a felony, but not a violation. Penal Law § 10.00(6).
[6] For an example of an arrest improperly made because it was outside the scope of a peace officer's special duties, see People v.Hartman, 114 Misc. 2d 138 (Crim.Ct. Bronx Co. 1982) (conviction for resisting arrest was set aside because arrest for blowing car horn on city street was invalid when made by railroad policeman, a peace officer; the peace officer was not acting pursuant to his special duties when enforcing a traffic infraction on a city street, nor was the arrest an integral part of the specialized duties of the peace officer). *Page 1