■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SHAW, Appellant. [897 NYS2d 34]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered January 12, 2007, convicting defendant, upon his plea of guilty, of grand larceny in the fourth degree (seven counts), criminal possession of stolen property in the fourth degree (seven counts), possession of burglar's tools (three counts), and auto stripping in the third degree, and sentencing him, as a second felony offender, to an aggregate term of $1^{1}/_{2}$ to 3 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). At night, a police officer was patrolling an area known for car break-ins involving thefts of laptop computers and other electronic devices. He noticed defendant, who was disheveled and carrying a laptop bag, and whom he recognized as a person with a record of breaking into cars and stealing electronic devices. This gave the officer an objective, credible reason, not necessarily indicative of criminality, to make a level one request for information. When the officer simply called out to defendant by name, this did not constitute a seizure (*see People v Reyes*, 83 NY2d 945 [1994]). The officer's single, nonthreatening, nonaccusatory question concerning the contents of the bag was an appropriate informational inquiry under the combination of circumstances present (*see People v Hollman*, 79 NY2d 181, 190-191 [1992]; *see also People v Carrasquillo*, 54 NY2d 248, 253 [1981]; *People v Faines*, 297 AD2d 590, 593-594 [2002], *lv denied* 99 NY2d 558 [2002]). Concur—Tom, J.P., Moskowitz, Renwick, DeGrasse and Manzanet-Daniels, JJ.