■ In the Matter of CHAZ J., a Person Alleged to be a Juvenile Delinquent, Appellant. [963 NYS2d 870]—

Order of disposition, Family Court, New York County (Ruben A. Martino, J.), entered on or about February 8, 2012, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he had committed an act constituting possession of a box cutter in a public place by a person under 21 in violation of Administrative Code of City of NY § 10-134.1 (e), and placed him on probation for a period of 12 months, unanimously affirmed, without costs.

The court properly denied defendant's suppression motion. The police saw appellant and three associates encircling a food delivery worker in an area where there had been a pattern of robberies of such workers. This provided, at least, an objective credible reason to approach appellant's group and request information (*see People v De Bour*, 40 NY2d 210, 223 [1976]). The police conduct in requesting that the group "hold up a second" in order to question them did not elevate the encounter to that of a seizure or a common-law inquiry (*see e.g. People v Bora*, 83 NY2d 531, 534-535 [1994]; *People v Reyes*, 83 NY2d 945 [1994]).

One of appellant's associates then threw a knife into nearby

bushes. When coupled with the prior "encircling" behavior, this fact gave the police, at least, a founded suspicion that appellant and the others may have been engaged in a joint criminal enterprise. Since the officers had a founded suspicion of criminality, they were justified in conducting a common-law inquiry by asking appellant and his associates whether they were in possession of any weapons (*see People v Garcia*, 20 NY3d 317 [2012]). Appellant's response led to the lawful recovery of a box cutter. Concur—Mazzarelli, J.P., Andrias, Saxe, Manzanet-Daniels and Gische, JJ.